[No. 3076-1.     Division One.     January 5, 1976.]

ALBERTSON'S, INC., *Respondent,* v. WASHINGTON HUMAN RIGHTS COMMISSION, *Appellant.*

*Slade Gorton, Attorney General,* and *Winslow Whitman, Assistant,* for appellant.

*Bogle & Gates* and *Peter M. Anderson,* for respondent.

CALLOW, J.—The Washington State Human Rights Commission appeals a judgment of the Superior Court which held that the discharge of a male grocery clerk by Albertson's, Inc., the employer, for failure to conform to the employer's hair length regulations for male employees did not constitute discrimination in employment on the basis of sex contrary to the prohibitions of RCW 49.60.180. We affirm the trial court.

Albertson's, Inc., a retail chain of food stores, has adopted and enforces hair grooming codes to govern the appearance of both male and female employees. Male employees must keep their hair cut and combed in a "conventional business style." Female employees are required to wear their hair in a "conservative hair style." In applying and enforcing the written grooming policies, women are permitted to wear any hair style that is not "conspicuous." Albertson's, however, enforces a strict hair length policy for men. Male employees are precluded from growing hair that covers the ears or the collar.

Jeffrey Jackson, the employee, was terminated from Albertson's as a journeyman grocery clerk for failing to comply with the male hair length limitations. He filed a complaint with the Human Rights Commission alleging that restricting the hair length of male, but not female, employees constituted an unfair employer practice in that the grooming requirement was sex discrimination forbidden by RCW 49.60.180. A hearing tribunal appointed by the commission concluded that an employer's adoption and enforcement of different grooming codes for male and female employees that permits long hair on females but bans the same hair length on males was discrimination on the basis of sex

and was prohibited by the statute. The Superior Court reversed the decision of the hearing tribunal upon Albertson's petition for review pursuant to RCW 34.04.130.

The Human Rights Commission correctly asserts that the hair grooming codes do treat long-haired males differently than long-haired females. The issue, however, is whether the discrimination inherent in applying a specific hair length limitation to male, but not female, employees constitutes a form of sex discrimination within the proscriptions of the statute.

RCW 49.60.180 provides, in relevant part, as follows:

> It is an unfair practice for any employer:
> (1) To refuse to hire any person because of such person's age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or physical handicap, unless based upon a bona fide occupational qualification: . . .
> (2) To discharge or bar any person from employment because of such person's age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or physical handicap.
> (3) To discriminate against any person in compensation or in other terms or conditions of employment because of such person's age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or physical handicap: . . .

This statute has not been previously interpreted by the appellate courts of this state. In construing state statutes, we find guidance from the rule that if the state statute relates to the same subject matter as a federal act, the interpretations of the federal act may be used to assist in the interpretation of the state statute. *State v. Carroll*, 81 Wn.2d 95, 500 P.2d 115 (1972); *Juanita Bay Valley Community Ass'n v. Kirkland*, 9 Wn. App. 59, 510 P.2d 1140 (1973). The sex discrimination proscriptions of RCW 49.60.180 are substantially similar to the sex discrimination prohibitions found in section 703(a) of title 7 of the Civil Rights Act of 1964. This section of the federal act appears in 42 U.S.C. § 2000e-2, which provides, in relevant part, as follows:

(a) . . .
It shall be an unlawful employment practice for an employer—
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex, . . .

The rule is now generally crystallized in the federal courts. The federal statute is said to have been enacted to eliminate sex discrimination in employment and insure "that persons of like qualifications be given employment opportunities irrespective of their sex." *Phillips v. Martin Marietta Corp.*, 400 U.S. 542, 544, 27 L. Ed. 2d 613, 91 S. Ct. 496 (1971). The purpose of the federal statute is to prohibit conduct by employers that would deny the acquisition of, retention of, or advancement in a job on the basis of the employee's sex, or that grants employment opportunities, pay, promotion, or working conditions that favor one sex over the other. *Willingham v. Macon Tel. Publishing Co.*, 507 F.2d 1084 (5th Cir. 1975); *Fagan v. National Cash Register Co.*, 481 F.2d 1115 (D.C. Cir. 1973). The recent federal cases hold that a private employer's promulgation and enforcement of reasonable grooming regulations that restrict the hair length of male employees only is not forbidden by the sex discrimination provisions of the federal act. *Willingham v. Macon Tel. Publishing Co.*, *supra*; *Baker v. California Land Title Co.*, 507 F.2d 895 (9th Cir. 1974), *cert. denied*, 422 U.S. 1046 (1975); *Dodge v. Giant Food, Inc.*, 488 F.2d 1333 (D.C. Cir. 1973). The act is interpreted as prohibiting only those classifications or discriminations which afford significant employment opportunities to one sex in favor of the other. *Fagan v. National Cash Register Co.*, *supra*; *Thomas v. Firestone Tire & Rubber Co.*, 392 F. Supp. 373 (N.D. Tex. 1975). Only those distinctions between the sexes which are based on immutable, unalterable, or constitutionally protected personal characteristics are forbidden.

The right of a male employee to select the length of his

hair during periods of employment in the private sector is neither constitutionally nor statutorily protected. The federal statute was never intended to prohibit sex-based distinctions inherent in a private employer's personal grooming code for employees which do not have a significant effect on employment and which can be changed easily by the employee. The employee who objects to an employer's grooming code may reject the constraint and seek other employment, or subordinate to the policy in order to obtain or retain the job. These are his alternatives. The enforcement of a reasonable hair length policy is permissible since such a policy is not used to inhibit equal access to employment opportunities between males and females, is not an employer's attempt to deny employment to a particular sex, and is not a significant employment advantage to either sex. *See* Note, *Employer Dress and Appearance Codes and Title VII of the Civil Rights Act of 1964*, 46 S. Cal. L. Rev. 965-1002 (1973). It is not a purpose of the federal statute to accommodate a male employee's desire to wear his hair longer than a private employer's appearance policy allows. As said in *Fagan v. National Cash Register Co., supra* at 1124-25:

> Perhaps no facet of business life is more important than a company's place in public estimation. That the image created by its employees dealing with the public when on company assignment affects its relations is so well known that we may take judicial notice of an employer's proper desire to achieve favorable acceptance. Good grooming regulations reflect a company's policy in our highly competitive business environment. Reasonable requirements in furtherance of that policy are an aspect of managerial responsibility. Congress has said that no exercise of that responsibility may result in discriminatory deprivation of equal opportunity because of *immutable* race, national origin, color, or sex classification.

(Footnote omitted.)

The interpretation given the federal statute is applicable to the substantially similar sex discrimination prohibitions of RCW 49.60.180. The state statute, like the federal statute, was not intended to invalidate a private employer's reason-

702

able hair length rules for male employees. A private employer is not prevented from requiring male employees to conform to hair length regulations, and the discharge of a male employee who will not conform to the employer's grooming code is not a discrimination because of sex within the meaning of RCW 49.60.180.

The judgment of the trial court is affirmed.

FARRIS and SWANSON, JJ., concur.

Petition for rehearing denied April 20, 1976.

Review denied by Supreme Court June 23, 1976.