[No. 44423.   En Banc.   January 6, 1977.]

GRETCHEN STIELER, *Respondent,* v. SPOKANE SCHOOL DISTRICT NO. 81, ET AL, *Appellants.*

GRETCHEN STIELER, *Appellant,* v. SPOKANE SCHOOL DISTRICT NO. 81, ET AL, *Respondents.*

Winston, Cashatt, Repsold, McNichols, Connelly & Driscoll, by Robert W. Winston, Jr., for appellants.

William J. Powell, for respondents.

Rosellini, J.—This appeal from judgments of the Superior Court involves two suits by a certificated employee of the Spokane School District, who was nonrenewed as a member of the administrative staff as a result of the reorganization of the administrative structure and was then reemployed as a music teacher, with reduced salary. In the first suit challenging this procedure, the Superior Court found that the respondent was given a fair hearing and that the district acted in good faith and within the scope of its powers, but nevertheless held that the nonrenewal was invalid because the notice addressed to the respondent failed to specify the criteria, standards, or guidelines for elimination of the respondent's administrative position of music consultant or filling the new positions created in the revised organizational structure, and also failed to advise her that seniority would not be a factor in the rehiring.

The school district has appealed from that decision, assigning error to these conclusions and to the awarding of damages and attorney fees. On cross–appeal, the respondent has assigned error to the refusal of findings and conclusions which would have tended to support the judgment on other grounds. She concedes the error of the Superior Court in holding the notice defective for failure to specify criteria and guidelines for dismissal, acknowledging that *Pierce v. Lake Stevens School Dist. 4,* 84 Wn.2d 772, 529 P.2d 810 (1974), has since clarified the law on that subject and that *Williams v. Board of Directors,* 10 Wn. App. 579, 519 P.2d 15 (1974), upon which the Superior Court relied in this case, is out of harmony with *Pierce v. Lake Stevens School Dist. 4, supra,* and was impliedly overruled therein. The holding of the *Pierce* case that a notice of nonrenewal giving as the reason the curtailment of the education program due to insufficient funds is an adequate notice of probable cause where the employee is afforded a fair hearing, has been reaffirmed in *Diedrick v. School Dist. 81,* 87 Wn.2d 598, 555 P.2d 825 (1976); *Hill v. Dayton School Dist. 2,* 85 Wn.2d 204, 532 P.2d 1154 (1975); and *Martin v. Dayton School Dist. 2,* 85 Wn.2d 411, 536 P.2d 169 (1975).

If criteria, including seniority, have been previously adopted, and they have not been applied in the particular employee's case, however, he must be so notified. *Barendregt v. Walla Walla School Dist. 140,* 87 Wn.2d 154, 550 P.2d 525 (1976).

While she now concedes that the notice which was sent her (which gave as the reason for nonrenewal the elimination of existing positions due to school district reorganization) was adequate, provided she was thereafter afforded a fair hearing, the respondent urges that the judgment should be sustained upon other grounds.

She first contends that the district was required to adopt objective criteria for the filling of positions in the new organization. The evidence showed that the superintendent, with the concurrence of the board of directors, chose the persons to fill these positions, using the job descriptions to determine the necessary qualifications, following guidelines suggested or implied in documents prepared by an "ad hoc district task force" which had been set up to study the reorganization, and placing particular emphases upon broad subject–matter background.

No objective criteria were adopted. Such criteria are relevant when a district must make a choice among qualified applicants whose contracts have been nonrenewed because of a financial reduction in personnel, when vacancies occur prior to the expiration of their existing contracts, as was the case in *Peters v. South Kitsap School Dist. 402,* 8 Wn. App. 809, 509 P.2d 67 (1973), relied upon by the respondent. While the Court of Appeals in that case said that it thought that due process would require that the district promulgate specific criteria to apply in satisfying its needs, it declared that the district's failure in this regard was not prejudicial to the appellant teacher, since during the period of time under consideration, no vacancies for which he was qualified occurred within the district.[1]

---

[1]*See Diedrick v. School Dist. 81,* 87 Wn.2d 598, 555 P.2d 825 (1976), where we refused to find that due process requires that only objective criteria be used to

That is the situation which exists in the present case. The Superior Court found, after conducting a hearing de novo, that the district considered the respondent's qualifications for the administrative positions which were created or became open after her nonrenewal and that the evidence preponderated in favor of the district's finding that she was not qualified for any of these positions.

The respondent's training and experience had been concentrated in the field of music. She had spent 23 years with the school district, during most of which she had performed the duties of a music consultant. The main purpose of the reorganization was to change the structure from one which was oriented toward specialization to one which was process–oriented, with greater efficiency as its goal. It was decided in each case that the respondent's background was not broad enough to qualify her to perform the duties of the position.

■ The respondent makes no showing that the trial court's finding with respect to her qualifications was unsupported by the record, but she contends that without objective criteria, there were no satisfactory means of determining her qualifications. It appears, however, that the district, acting in good faith as the Superior Court found, was able to staff its new administration satisfactorily, even though its selection of personnel was not based upon objective criteria. The respondent has not shown that she was qualified for one of the positions for which she applied or that the job descriptions were so vague that an intelligent judgment could not be made concerning an applicant's ability to perform its duties. We cannot set aside the trial court's findings, absent at least one such showing.

Since the respondent was not qualified for any position which she sought, the failure to adopt criteria for choosing among qualified applicants (assuming without deciding that

effect the nonrenewal of teachers within a school district for reasons of economy due to the failure of school levies.

such criteria would be required in the circumstances of this case) was immaterial.

It is next argued that the respondent was a victim of an overall invidious practice by the school district of discriminating against women, in violation of RCW 49.60, which specifically applies to school districts under RCW 28A.02-.050. That act affords an administrative procedure for processing complaints of sex discrimination in employment. RCW 49.60.120. It also provides for civil actions by persons injured by violations of the chapter. RCW 49.60.030.

The statute does not speak to the plaintiff's burden of proof in such an action, but the parties are agreed that cases decided under section 2000e–2 of the Civil Rights Act of 1964, tit. VII, § 703 (as amended), 78 Stat. 255 (codified in scattered sections of 2000, 42 U.S.C.), provide appropriate precedents in this area. The Court of Appeals, Division One, has recognized their applicability in *Albertson's, Inc. v. Washington Human Rights Comm'n,* 14 Wn. App. 697, 544 P.2d 98 (1976).

The respondent offered evidence of a decided imbalance between men and women employees in administrative positions in the district, in spite of the adoption of an affirmative action program. There was also evidence of some hostility on the part of the superintendent toward affirmative action and women's rights. The Superior Court found this evidence insufficient to establish a prima facie case of discrimination in the respondent's case and dismissed the claim which was based upon violation of the statute.

In this court, the respondent cites *United States v. Ironworkers Local 86,* 443 F.2d 544 (9th Cir. 1971), a federal case in which it was held that the statistical data and other evidence offered were sufficient to show a "pattern of discrimination." This was an action brought by the Attorney General alleging a "pattern or practice" of resistance to full employment of Blacks in violation of title 7 of the Civil Rights Act of 1964. When he had shown such a pattern, he had sustained his burden of proof. It was not a suit by an individual alleging discrimination. *McDonnell Douglas*

*Corp. v. Green,* 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973), is more in point. There, a suit was brought by a black aircraft mechanic who had been laid off in a general reduction of the defendant's work force and was refused reemployment when he applied for an advertised job, alleging that he had been the victim of racial discrimination. The court said that the plaintiff was required to make out a prima facie case, and one of the elements of his case was proof that he applied for a job for which he was qualified.

In reviewing the cases cited in the respondent's brief, as well as the authorities cited in these cases, we find this requirement either expressed or implied in every instance. There is no civil rights violation in denying a job to a person who is not qualified to perform it. Since the respondent has not shown that she was qualified to fill any of the positions in the new administration, her claim that she was a victim of sex discrimination is without merit.

It is next claimed that the respondent's nonrenewal was invalid because the decision was not made at an open meeting. This contention cannot be successfully maintained, inasmuch as she expressly requested that the hearing be closed and that the decision not be publicized. She thus waived any right to have the matter heard in open meeting, assuming such a right existed.[2]

Since we have determined that the Superior Court was in error in holding the notice of nonrenewal inadequate, the judgment must be reversed. It is agreed by the parties that this disposition of the appeal renders the second case moot.

It is suggested by the appellant that the case should be remanded for reconsideration of the allowance of attorney fees. However, in view of the fact that the law with respect to the duties of school districts in giving notice of nonrenewal was in need of clarification, and the respondent, not having the benefit of subsequent decisions to

[2]As to the applicability of the open meetings act with respect to personnel decisions, *see Pierce v. Lake Stevens School Dist. 4,* 84 Wn.2d 772, 787, 529 P.2d 810 (1974).

guide her at the time, reasonably brought the action in good faith, and did prevail in the trial court, we do not believe that equity requires that she be subjected to the burden of again defending that award. An award of attorney fees is discretionary under the statute, whether or not the teacher is successful in the suit, provided the appeal is not frivolous. *Goodman v. Bethel School Dist. 403,* 84 Wn.2d 120, 524 P.2d 918 (1974); RCW 28A.58.490.

The judgment, except with respect to attorney fees, is reversed, and the action dismissed.

STAFFORD, C.J., and HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.