Argued and submitted June 15, affirmed August 1, 1990

Brian D. LOCKHART,
*Appellant,*

*v.*

LOUISIANA-PACIFIC CORPORATION,
and Montel Work,
*Respondents.*

(A8808-04369; CA A50399)

795 P2d 602

Michael F. Gordon, Portland, argued the cause for appellant. With him on the briefs was Gordon & Gordon, Portland.

Jeffrey M. Batchelor, Portland, argued the cause for respondents. With him on the brief were Edwin A. Harnden, Paula A. Barran and Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff was discharged by Louisiana-Pacific Corporation (employer), after he refused to comply with the requirement of a dress and grooming rule that male employees not wear facial jewelry while on the job. The rule allows female employees to wear jewelry that is not "unusual or overly-large." Plaintiff contends that the rule is sexually discriminatory, in violation of ORS 659.030(1)(b), and that he was discharged for "resisting" the discriminatory policy. He brought this action for wrongful discharge against employer and for interference with contractual relations against his supervisor, Montel Work (Work). The trial court dismissed the wrongful discharge claim for failure to state a claim and allowed Work's motion for summary judgment on the interference claim. Plaintiff appeals and assigns error to both rulings. We affirm.

The theory of plaintiff's wrongful discharge claim is that he was fired for pursuing a statutory right related to his role as an employee. *See Delaney v. Taco Time Int'l.,* 297 Or 10, 681 P2d 114 (1984). The claim fails, without more, *see* note 2, *infra,* if he is incorrect in his assertion that employer's rule can offend his right against sexual discrimination under ORS 659.030.

Notwithstanding plaintiff's attempt to characterize unrelated cases as supporting his view, the cases that the parties cite that deal with issues similar to the one in this case have held that the different treatment of male and female employees under dress and grooming rules does not, in itself, violate federal or state statutes relating to employment discrimination.[1] *See, e.g., Albertson's v. Human Rights Comm'n,* 14 Wash App 697, 544 P2d 98 (1976), and cases there cited. The court explained in *Albertson's:*

---

[1] No Oregon case is directly on point. However, the Supreme Court noted in *Holien v. Sears, Roebuck and Co.,* 298 Or 76, 90, n 5, 689 P2d 1292 (1984):

"We wish to make clear that although we refer to sexual harassment on the job as an act of sexual discrimination, we do not include all forms of disparate treatment founded on gender. Some forms of disparate treatment may be legitimate. A common law or statutory cause of action for wrongful discharge emanating from sex discrimination is restricted to cases when sex is for no legitimate reason a substantial factor in the discrimination."

"The recent federal cases hold that a private employer's promulgation and enforcement of reasonable grooming regulations that restrict the hair length of male employees only is not forbidden by the sex discrimination provisions of the federal act. *Willingham v. Macon [Telegraph] Publishing Co.,* [507 F2d 1084 (5th Cir 1975)]; *Baker v. California Land Title [Company]*, 507 F.2d 895 (9th Cir. 1974), *cert. denied,* 422 U.S. 1046 (1975); *Dodge v. Giant Food, Inc.,* 488 F.2d 1333 (D.C. Cir. 1973). The act is interpreted as prohibiting only those classifications or discriminations which afford significant employment opportunities to one sex in favor of the other. *Fagan v. National Cash Register [Company,* 481 F2d 1115 (D.C. Cir. 1973)]; *Thomas v. Firestone Tire and Rubber [Company]*, 392 F.Supp. 373 (N.D. Tex. 1975). Only those distinctions between the sexes which are based on immutable, unalterable, or constitutionally protected personal characteristics are forbidden.

"* * * The federal statute was never intended to prohibit sex-based distinctions inherent in a private employer's personal grooming code for employees which do not have a significant effect on employment and which can be changed easily by the employee. * * * The enforcement of a reasonable hair length policy is permissible since such a policy is not used to inhibit equal access to employment opportunities between males and females, is not an employer's attempt to deny employment to a particular sex, and is not a significant employment advantage to either sex. *See* Note, *Employer Dress and Appearance Codes and Title VII of the Civil Rights Act of 1964,* 46 S. Cal. L. Rev. 965-1002 (1973). It is not a purpose of the federal statute to accommodate a male employee's desire to wear his hair longer than a private employer's appearance policy allows. As said in *Fagan v. National Cash Register [Company], supra* at 1124-25:

"Perhaps no facet of business life is more important than a company's place in public estimation. That the image created by its employees dealing with the public when on company assignment affects its relations is so well known that we may take judicial notice of an employer's proper desire to achieve favorable acceptance. Good grooming regulations reflect a company's policy in our highly competitive business environment. Reasonable requirements in furtherance of that policy are an aspect of managerial responsibility. Congress has said that no exercise of that responsibility may result in discriminatory deprivation of equal opportunity because of *immutable* race, national origin, color, or sex classification.

"(Footnote omitted.)" 14 Wash App at 700-01. (Emphasis in original.)

The court then concluded that the same reasoning was applicable under the state statute.

It is unnecessary in this case for us to address the full sweep of the Washington court's reasoning. Plaintiff advances the argument that employer may not prohibit him from wearing an earring, if it allows female employees to wear jewelry. As his argument is cast, plaintiff cannot demonstrate impermissible discrimination unless *every* difference in dress or grooming requirements for men and women under an employer's rules is impermissibly discriminatory. We reject that argument. The trial court was correct in dismissing the wrongful discharge claim.[2]

Plaintiff's assignment regarding the summary judgment on his interference claim against Work does not merit discussion.

Affirmed.

---

[2] The basis for our disposition makes it unnecessary for us to consider other issues, *e.g.,* whether plaintiff could have a wrongful discharge claim under these circumstances, if the dress code and the resulting discharge did violate ORS 659.030. *See Holien v. Sears, Roebuck and Co., supra.*

This opinion also does not deal with circumstances where dress or grooming codes that are facially permissible are promulgated or applied in improper ways or with improper motives.