**Mrs. Rosie Lee PEGUES et al.,
Plaintiffs,**

v.

**MISSISSIPPI STATE EMPLOYMENT
SERVICE et al., Defendants.**

**No. DC 72-4-S.**

United States District Court,
N. D. Mississippi,
Delta Division.

Nov. 16, 1972.

Nausead Stewart, Jackson, Miss., Robert B. Fitzpatrick, Richard T. Seymour, Michael B. Trister, Washington, D. C., Richard B. Sobol, New Orleans, La., for plaintiffs.

Richard F. Schubert, Sol., U. S. Department of Labor, Washington, D. C., H. L. Hutcherson, Sol., Mississippi State Employment Service, Jackson, Miss., Norman L. Gillespie, Asst. U. S. Atty., Oxford, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on defendants' motion to dismiss for failure to join the Secretary of Labor of the United States (Secretary) as an indispensable party under Rule 19, F.R.Civ.P. as authorized by Rule 12(b)(7), F.R.Civ.P.

Defendants have supported the motion with the affidavit of defendant John E. Aldridge, Executive Director of Mississippi Employment Security Commission (MESC).

At the invitation of the court the Secretary has filed a brief *amicus*. This brief and the briefs of the parties have been carefully reviewed by the court and oral arguments of counsel, including counsel for the Secretary, have been duly received. The matter is now ripe for decision.

Plaintiffs, members of the black race, several of whom are females, seek injunctive and other appropriate relief for themselves and members of the class which they purport to represent against defendants based upon the charge that defendants have unlawfully discriminated against them and members of the class on account of race and sex, as follows:

a) On the basis of race in assigning occupational classifications to blacks;

b) On the basis of sex in assigning occupational classifications to females;

c) On the basis of race in administering tests to blacks;

d) On the basis of race in accepting and filling job orders from employers which discriminate on the basis of race;

e) On the basis of sex in accepting and filling orders from employers which discriminate on the basis of sex;

f) On the basis of race in failing and refusing to refer blacks to available jobs;

g) On the basis of sex in failing and refusing to refer females to available jobs;

h) On the basis of race in referring blacks to lower paying and less desirable jobs than those to which whites are referred;

i) On the basis of sex in referring females to lower paying and less desirable jobs than those to which males are referred.

Plaintiffs, in addition to injunctive relief against defendants with reference to alleged discriminatory practices in general, seek a decree of the court directing the modification of existing classification, testing, processing, referral and other procedures so as to assure plaintiffs and members of the class equal and nondiscriminatory opportunities and treatment.

Plaintiffs also seek a decree of the court directing defendants to refer plaintiffs and members of the class they represent *before any other persons* for any jobs for which they are qualified and which are now available or which may become available in the future until such time as plaintiffs and members of the class they represent enjoy employment opportunities equal to those enjoyed by whites and males served by defendants.

In addition to the relief outlined above, plaintiffs seek for themselves and for each of the class which they represent compensation for all earnings, wages and other benefits they would have received but for discriminatory practices of defendants, as well as reasonable solicitor fees for their counsel.

Defendants do not contend that the Secretary is an indispensable party insofar as the action seeks injunctive relief from the alleged discriminatory employment practices of defendants. They vigorously assert, however, that an order of the court directing the modification of existing classification, testing and referral procedures, or the referral of plaintiffs and members of the class they represent before any other person for jobs for which they qualify would require defendants to violate the regulations of the Secretary, thereby subjecting them to the imposition of severe penalties under the Act.

Defendants also contend that should the court award loss of wages, earnings, etc. for plaintiffs and members of the class they represent, and fees for counsel, the question of the source of the funds could not be resolved in the absence of the Secretary, since the regulations promulgated by him prohibit the advance of funds for that purpose.

Defendants point out, and the Secretary admits, that the Secretary has prescribed uniform classification, testing, referral and fiscal policies and procedures with which all State Employment Agencies (including defendants) must comply. The penalty for non-compliance is the withholding of funds with which to operate the program being administered by defendants. Thus, defendants contend that complete relief cannot be accorded among those already parties to the action, without the presence of the Secretary and that the Secretary's absence would leave defendants subject to substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his interest.

It has been brought to the attention of the court that counsel for the parties, including the Secretary, are engaged in settlement negotiations concerning the General Aptitude Test Battery and the Specific Aptitude Test Battery which are used by defendants in the performance of the duties imposed upon them by regulations adopted by the Secretary. Counsel for plaintiffs pretermitted a discussion of the issue in plaintiffs' brief presented to the court in opposition to the motion to dismiss. The court has not been advised of the results of the

negotiations, and must, therefore, consider the issue to be viable.

Assuming, arguendo, that there are issues in this action which do not require the presence of the Secretary in order that complete relief may be accorded among those already parties, there are at least two issues which do not fall in this category. The court would find it difficult and impractical to require defendants to modify existing classification, testing and referral procedures, without the Secretary's presence. This applies also to the demand of plaintiffs that the court require defendants to refer plaintiffs and members of the class which they represent before any other persons for jobs for which they qualify.

The United States Court of Appeals for the Fifth Circuit, speaking through Judge Carswell, said in Schutten v. Shell Oil Company (1970) 421 F.2d 869, at 873:

> Subdivision (a) of Rule 19 categorizes those persons whose joinder is desirable from the standpoint of complete adjudication and elimination of relitigation. If there are no procedural or jurisdictional bars to joining such a party, Rule 19 requires that he be joined.

Plaintiffs argue in their response to defendants' reply brief submitted in support of defendants' motion to dismiss, that should the court enter an order providing relief which required defendants to alter or violate regulations promulgated by the Secretary, the court has the power to enjoin the Secretary from imposing punitive measures if he attempted or threatened such action. This argument advances the theory that the court has ample power to add the Secretary or any other new party or parties at any time in order to protect or enforce its orders. With this theory, the court is in full agreement. However, should it now reasonably appear that the interest of the Secretary would be affected by the court's decision, or that a relitigation of the issues between the Secretary and defendants would follow in the wake of the court's decision, the proper action would be to join the Secretary so that all issues can be adjudicated.

The court is of the opinion, and so finds, that in the absence of the Secretary complete relief cannot be accorded among those already parties in this action and that the Secretary's absence would leave defendants subject to a substantial risk of incurring multiple or otherwise inconsistent obligations by reason of the interest the Secretary has in this litigation. The Secretary can be made a party without depriving the court of jurisdiction over the subject matter and is subject to the process of the court.

The court will enter an order directing that the Secretary be made a party defendant in this action.