[No. 5349–1. Division One. April 24, 1978.]

HOUSING AUTHORITY OF THE COUNTY OF KING, *Respondent*, v. FRANCES SAYLORS, *Appellant*.

*Steve Fredrickson* and *Barbara A. Isenhour,* for appellant.

*Montgomery, Purdue, Blankinship & Austin* and *L. O. Hurst,* for respondent.

FARRIS, C.J.—Frances Saylors, a public housing tenant of the Housing Authority of the County of King, a municipal corporation, appeals from a judgment against her in an unlawful detainer action. She urges: (1) that she was not given adequate notice of the grounds for terminating her tenancy; (2) that the Housing Authority hearing panel failed to issue a written decision consistent with the requirements of due process, Department of Housing and Urban Development (HUD) regulations, and its own grievance procedure; and (3) that she was entitled to a trial de novo in the Superior Court on the issue of whether there was good cause for eviction.

On October 10, 1975, the Housing Authority, which operates a federally subsidized housing project in which Saylors resided, served her with a "Notice to Terminate Tenancy." The notice stated as the reason for termination:

> You are in violation of your lease in section 6j: The Tenant shall not commit or maintain a nuisance on or about the premises.

Exhibit 2. The notice also advised Saylors of her right to a hearing in accordance with the grievance procedure provided in her lease. A hearing was held, and the following written decision was issued:

> We, the members of the Grievance Panel on November 11, 1975, after all the information presented to us from the Saylor[s] family and the Housing Authority, County of King, find the Saylor[s] family undesirable tenants for the Mountaintop area. We feel that they should be asked

to vacate the premises that they are now residing in. This was a unanimous decision.

Exhibit 3. Although either party could have caused a written transcript of the hearing to be made, none was requested and none was made.

■ Those who manage public housing must adhere to elementary standards of fairness. The Housing Authority of the County of King is a governmental agency deriving its authority from RCW 35.82; its actions are state action within the meaning of the Fourteenth Amendment.

"The government as landlord is still the government. . . . unlike private landlords, it is subject to the requirements of due process of law. . . ."

*Thorpe v. Housing Authority,* 386 U.S. 670, 678, 18 L. Ed. 2d 394, 87 S. Ct. 1244 (1967) (Douglas, J., concurring), *quoting Rudder v. United States,* 226 F.2d 51, 53 (D.C. Cir. 1955).

The Supreme Court held in *Goldberg v. Kelly,* 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970), that a state could not, consistently with the requirements of due process, terminate welfare benefits without first providing the recipient with adequate notice and a full adversary hearing. In *Escalera v. New York City Housing Authority,* 425 F.2d 853 (2d Cir. 1970), and *Caulder v. Durham Housing Authority,* 433 F.2d 998 (4th Cir. 1970), it was held that the procedural safeguards of *Goldberg* must be afforded public housing tenants before the determination to evict them. As the court observed in *Caulder v. Durham Housing Authority, supra* at 1004:

Succinctly stated, *Goldberg* requires (1) timely and adequate notice detailing the reasons for a proposed termination, (2) an opportunity on the part of the tenant to confront and cross–examine adverse witnesses, (3) the right of a tenant to be represented by counsel, provided by him to delineate the issues, present the factual contentions in an orderly manner, conduct cross–examination and generally to safeguard his interests, (4) a decision, based on evidence adduced at the hearing, in

which the reasons for decision and the evidence relied on are set forth, and (5) an impartial decision maker.

These requirements are specifically incorporated in HUD regulations applicable to federally subsidized public housing agencies. 24 C.F.R. §§ 866.53(c), 866.57(a).

■ The first question presented by Saylors is whether the notice of termination was adequate. In *Escalera v. New York City Housing Authority, supra* at 858 n.2, the tenants received the following notification of their nondesirable conduct:

> Mr. and Mrs. Rolle: "Record of anti–social activities and arrests of your son, Fred, Jr., constituting a threat to the peace and safety of the community."
> Mr. and Mrs. Humphrey: "Illegal acts of Mr. Humphrey, having an adverse effect on the project and its tenants."

The court found both notices inadequate:

> The purpose of requiring that notice be given to the tenant before the hearing is to insure that the tenant is adequately informed of the nature of the evidence against him so that he can effectively rebut that evidence. The instant one–sentence summary notices are inadequate for this purpose. Willner v. Committee on Character & Fitness, 373 U.S. 96, 105, 107, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963).

*Escalera v. New York City Housing Authority, supra* at 862. The notice given to Saylors was equally insufficient. It failed to set forth a factual statement of the incident or incidents which constituted the grievance. The vague and conclusory notice sent to Saylors was inadequate to provide the required opportunity to prepare for argument before the hearing panel. *Williams v. Board of Directors,* 10 Wn. App. 579, 519 P.2d 15 (1974), *impliedly overruled on other grounds* in *Pierce v. Lake Stevens School Dist. 4,* 84 Wn.2d 772, 529 P.2d 810 (1974); *see Stieler v. Spokane School Dist. 81,* 88 Wn.2d 68, 558 P.2d 198 (1977). The Housing Authority argues that due process was satisfied because the notice advised Saylors that she had a right to a prehearing conference with the management at which she could learn

the reason for terminating her tenancy. Even if this could have corrected the defect, the record is silent as to what notice, if any, was provided at that conference.

■ Saylors also attacks the sufficiency of the hearing panel's decision. The Housing Authority's grievance procedure provides:

> The Hearing Panel shall prepare its written decision, including a statement of findings and conclusions, as well as the reasons therefore [sic], upon all material issues raised by the parties.

Exhibit 5. The panel's decision fails to meet these requirements; there are no findings of fact or reasons given. We are not persuaded by the Housing Authority's argument that a panel of laypersons cannot be expected to conform their actions to the "niceties" of the law. While the decision need not be artfully phrased, it must include reasons for the determination and indicate the evidence relied on. *Goldberg v. Kelly, supra; see also* 24 C.F.R. § 866.57(a).

■ We recognize the State's interest in evicting those tenants who violate the minimum requirements of public housing. We hold only that "every public tenant, however disorderly, evil, or malevolent, is entitled to due process before he is evicted." *Ruffin v. Housing Authority,* 301 F. Supp. 251, 254 (E.D. La. 1969). The Housing Authority must also comply with HUD regulations and its own grievance procedure. Until it does so, Saylors is entitled to continue her tenancy.

Our holding makes it unnecessary to reach the third question raised by Saylors: whether she was entitled to a trial de novo on the issue of good cause. We note, however, that her reliance on 24 C.F.R. § 866.57(c)[1] is misplaced. The regulation does not create a right to a trial de novo; it merely provides that such a right, if granted elsewhere, shall not be affected by the tenant's first requesting relief from the hearing panel.

---

[1] "A decision by the hearing officer, hearing panel, or Board of Commissioners in favor of the PHA or which denies the relief requested by the complainant in

Reversed.

JAMES and DORE, JJ., concur.

Petition for rehearing denied June 22, 1978.

whole or in part shall not constitute a waiver of, nor affect in any manner what-
ever, any rights the complainant may have to a trial *de novo* or judicial review in
any judicial proceedings, which may thereafter be brought in the matter."