H. Courtney KINGSTONE, Angus E. Wootten, Triax Energy, Inc., Carl B. Larson and Bayard T. Larson, his wife, William Myers and Lula Myers, his wife, Plaintiffs,

v.

Paul S. LIBERMAN and Madison Investment Properties, Inc., Defendants.

Civ. A. No. 83–184 ERIE.

United States District Court, W.D. Pennsylvania.

Sept. 30, 1983.

Harry D. Martin, Robert C. LeSuer, Erie, Pa., for plaintiffs.

John G. Gent, John P. Leemhuis, George Joseph, Erie, Pa., for defendants.

## MEMORANDUM OPINION

WEBER, District Judge.

This matter is before the court on defendants' Motion to Dismiss.

The plaintiffs are major interest holders in certain oil ventures known as the Brokenstraw/Irvine Run Joint Venture, DeForest II Drilling Venture and Brokenstraw Oil Offerings 1972–1, 1972–2, 1973–1 and 1973–2 (hereinafter "oil ventures"). The plaintiff Wootten is the purported representative of 143 individuals (hereinafter "oil venture shareholders"), who formerly held all interest in the oil ventures. According to the plaintiffs all oil venture shareholders, besides Wootten, were limited partners and had no voice in the operation and management of the oil ventures. On or about July 15, 1981 the defendant, Madison Investment Properties, Inc. (hereinafter "Madison"), issued 3,007,893 shares to the oil venture shareholders in exchange for their interests

in the oil ventures.[1] The stock issue was allegedly facilitated by the defendant Liberman. Plaintiffs bring this action to rescind the stock issue and recover damages, alleging that the Madison stock was issued coercively, fraudulently, and in violation of state and federal securities laws. A subsidiary count was filed seeking rescission and avoidance of a related note and mortgage executed by plaintiffs Wootten and Triax Energy, Inc.

The defendants have filed a Motion to Dismiss based on the plaintiffs failure to join two sets of allegedly indispensable parties pursuant to Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure. The first group includes 1,202 individuals (hereinafter "Belleroche stockholders"), who were issued 693,219 shares of Madison common stock as part of a plan of reorganization. The second group consists of the 143 oil venture shareholders. The defendants submit that because these persons held individual interests in the oil and gas properties as well as shares of common stock of Madison pursuant to the challenged agreement, they become indispensable parties to this litigation.

 Rule 19 of the Federal Rules of Civil Procedure provides for the joinder of indispensable parties as follows:

(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

The question of whether or not a party is indispensable is to be determined by the court on a case by case basis. *See, Provident Tradesmen's Bank and Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Schutten v. Shell Oil Co.,* 421 F.2d 869 (5th Cir.1970). The rule is one that must be given practical application and not be used to direct attention exclusively to the technical or abstract character of the rights of the parties. Fed.R.Civ.P. 19 advisory committee note. In determining whether a party is indispensable the court must consider whether the action can proceed without him. *Provident Tradesmen's Bank and Trust Co. v. Patterson,* 390 U.S. 102, 120, 88 S.Ct. 733, 743, 19 L.Ed.2d 936 (1968). Moreover, for purposes of defendants' Rule 12(b)(7) motion to dismiss for failure to join parties needed for just adjudication, the well-pleaded factual allegations contained in the amended complaint are accepted as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *McCann v. Pierson,* 78 F.R.D. 347 (E.D.Pa.1978).

 Initially, we must determine if the oil venture shareholders and the Belleroche stockholders fit the description "persons to be joined if feasible" under Rule 19(a) based on the applicable criteria contained therein. For the reasons which follow we find they do not and believe that full relief can be accorded those already parties to the lawsuit as required by Rule 19(a)(1).

In considering the Belleroche stockholders, it is unclear from the facts presented that they have any interest in the oil ventures or are involved in any way with the

---

1. Of the shares issued, 1,361,964 or 45% were issued to the individual plaintiffs Kingstone, Wootten, Larson and Myers.

agreement between Madison and the oil venture shareholders. The plaintiffs have challenged the alleged improper issuance by Madison of its shares in exchange for interests in the oil ventures. It appears the Belleroche stockholders acquired their Madison stock in a separate transaction for different consideration. We find no reason to consider the Belleroche stockholders indispensable to the plaintiff's cause of action. The fact that the Belleroche stockholders own stock in a corporation does not make them indispensable parties to a lawsuit challenging an unrelated stock issue. Accordingly, it has not been demonstrated that the Belleroche stockholders have an interest relating to the subject of this action. *See* Fed.R.Civ.P. 19(a)(2).

In the event that it should become apparent based on further discovery that the Belleroche stockholders are more closely related to the challenged transaction, the defendant is free to renew its motion. *See* Fed.R.Civ.P. 12(h)(2).

We next turn to the interests of the 143 oil venture shareholders. The Amended Complaint seeks to rescind the transaction which involved the exchange of Madison stock for shares in the oil ventures. It is apparent that all oil venture shareholders would be effected by such a rescission.

We recognize that the interest of the 139 non-party individual oil venture shareholders (hereinafter "remaining oil venture shareholders"), is substantially less, proportionately, than the four named plaintiffs. These four received 45% of the Madison stock. But the limited nature of the remaining oil venture shareholders' interest in Madison is not dispositive of our inquiry into the question of their indispensability in the present action.

It is apparent that the named plaintiff Wootten has at all relevant times acted on behalf of the oil venture shareholders in all transactions between them and Madison. The plaintiffs submit that the transfer of the oil venture interests to Madison was consummated pursuant to instruments executed by Wootten only. No individual assent from among the remaining oil venture shareholders was necessary. Accordingly, the plaintiffs contend that all those having a bona fide interest in the instant matter are adequately protected by the parties, particularly Wootten, already named in this action. We agree and find, as a practical matter, that the oil venture shareholders are not impeded in their ability to protect their interest. *See* Fed.R.Civ.P. 19(a)(2)(i). The opposite appears to be the case.

The plaintiffs have provided documents executed by the defendants which indicate that Madison has specifically recognized Wootten as the sole and authorized representative of all oil venture shareholders. The challenged agreements for the disposition of all 3,007,893 shares of Madison stock issued to the oil venture shareholders were executed by the defendant Liberman on behalf of Madison and each by Wootten on behalf of the oil ventures. We do not find that the remaining oil venture shareholders, none of whom participated in the negotiation or execution of the challenged agreements, are indispensable parties. *See, Whyham v. Piper Aircraft Corp.,* 96 F.R.D. 557 (M.D.Pa.1982) (important criteria of whether party is necessary is whether party was active participant in challenged transaction). In addition, Madison, through Liberman, continued to recognize Wootten as the authorized representative of the oil venture shareholders after the stock issue and at a time when a voluntary rescission was being sought by the defendants.

We find that Wootten's inclusion in the instant case constitutes a *de facto* inclusion of the remaining oil venture shareholders in such a way that "multiple, or otherwise inconsistent obligations", as the phrase is understood in Federal Rule 19(a)(2)(ii), will not result if plaintiffs secure judgment in their favor.

The court's ruling in *McCann v. Pierson,* 78 F.R.D. 347 (E.D.Pa.1978), relied upon by the defendants, is distinguishable in that the absent party actually transacted business for the litigating parties and handled funds belonging to one or more of the parties to the lawsuit. In *McCann,* the absent party was "at the vortex of all the transac-

tions ... alleged to form the basis of the amended complaint." 78 F.R.D. at 350. We think this is an important fact distinguishing *McCann* from the instant case.

In light of the foregoing, we do not find at this juncture that dismissal is warranted for failure to join indispensable parties. Accordingly, defendants' Motion to Dismiss will be denied.