# DADE COUNTY v MALLOY

### Case No. 87-3738-CC-20

County Court, Dade County, Florida

February 8, 1988

## APPEARANCES OF COUNSEL

**Tom Robertson** for plaintiff.

**Barbara G. Malone,** Legal Services of Greater Miami, Inc., for defendant.

## OPINION OF THE COURT

STEVE LEVINE, County Judge.

Defendant, Bessie Malloy, moved this Court to dismiss the complaint filed by Dade County seeking to evict her from her public housing unit. The Motion to Dismiss presented three issues for consideration: 1) whether the 7-day notice of lease violation and right to cure and the 30-day notice to vacate were fatally vague, 2) whether Dade County was legally justified in omitting grievance procedures required by regulation, and 3) whether eviction was precluded under the circumstances of the case by newly enacted Florida Statutes, Session Laws 1987, Ch. 87-26. The Court took testimony from Dade County employee Shelia Dawkins as well as the Defendant, Bessie Malloy, and considered the extensive arguments and memoranda of counsel.

1

The Court grants the Defendant's Motion to Dismiss based on the insufficiency of the notices provided to the Defendant concerning alleged lease violations, for the reasons set forth below. Accordingly, the Court declines, at this time, to decide the other issues presented.

In evicting a tenant from public housing, Dade County is bound by the law and procedures of the United States and Florida Constitutions, federal regulations, Florida statutes, and the terms of the lease. Florida Statutes, Section 83.56, and federal regulations, 24 CFR 966.4(L), require that a tenant receive written notice from the County stating the reasons for termination before eviction proceedings may be initiated. Federal regulations, 24 CFR 966.4(l), mandate that this requirement be included in the lease between the County and public housing tenants.

The statutes, regulations, and lease provisions requiring written notice were enacted in order to comply with recognized constitutional protections. In *Goldberg v. Kelly,* 90 S.Ct. 1011 (1970), the United States Supreme Court decided that public assistance could not be denied to a particular recipient without providing procedural due process.

> The fundamental requisite of due process of law is the right to be heard. . . . The hearing must be at a meaningful time and in a meaningful manner. . . . In the present context these principles require that a recipient have timely and *adequate notice detailing the reasons* for a proposed termination. . . .

*Id.* at 1020 (citations omitted) (emphasis added)

In the case *sub judice,* Dade County delivered two notices to the Defendant. The first notice was a 7-day notice of lease violation and right to cure. The second notice was a 30-day notice of lease termination. These are attached hereto and incorporated herein. Neither notice states any facts supporting the alleged lease violation. They state only that the lease has been violated and recite the particular lease paragraphs in question. In fact, the notices require some deciphering to determine that the tenant is accused of actually violating the specified lease paragraphs. One has to "read in" additional language before the notices make sense.

The purpose of the notice is to inform the tenant of the nature of the evidence against him/her so that he/she can prepare potential defenses. A summary notice is insufficient to advise a tenant of the particular conduct thought to be in violation of the lease provisions. In *Escalera v. New York Housing Authority,* 425 F.2d 853 (2nd Cir., 1970), *cert. denied,* 400 U.S. 853 (1970), a termination notice was issued to a tenant that stated ". . . antisocial activities of your son and arrests of

your son . . . constituting a threat to the peace and safety of the community." *Id.* at 858. Another tenant received a termination notice that stated "[i]llegal acts . . . having an adverse effect on the project and its tenants." *Id.* The Court held these notices to be fatally vague. The tenant was not informed of any details of the allegedly offensive conduct. *Id.* at 862, 863. In *Housing Authority of King County v. Saylors,* 578 P.2d 76 (Wash. Ct. of Appeals, 1978), a notice to terminate read "You are in violation of your lease in section 6j: The tenant shall not commit or maintain a nuisance on or about the premises." *Id.* at 78. The Court, citing *Goldberg v. Kelly, supra,* found that the notice was vague and conclusory, and did not meet minimal due process requirements. *Id.* at 78, 79. The notices in *Escalera* and *Saylors, supra,* are nearly identical to the notices in the present case, and the Court is compelled to find them similarly inadequate.

Dade County suggests that any vagueness in the notices would have been cured when the Defendant met with public housing officials at her first, informal grievance conference and was advised of the particulars of her objectional conduct. Although the question of whether an insufficient written notice can be supplemented by subsequent oral notice was left open in *Escalera* and *Saylors, supra,* there are sound reasons for answering the question in the negative. Many recipients of public housing do not have the education, sophistication, or practical skills to take the necessary action to defend their legal rights. If a vague notice were held to be adequate, only aggressive persons requesting a hearing would receive their due process rights. *See Vargas v. Trainor,* 508 F.2d 485 (7th Cir., 1974), *cert. denied,* 95 S.Ct. 1454 (1975). Detailed written notice is even more important when the County claims that the conduct allegedly violating the lease poses a threat to the health and safety of other residents in the development, as they did in this case. In that situation, the tenant may not even be entitled to a grievance hearing, formal or informal, 24 CFR 966.51, and the tenant would likely never receive the additional, oral information. The notice must stand alone. It is significant to note that under Florida law, the notices would probably not provide enough details to support a complaint, even with the liberal discovery methods available to identify the behavior in question. *See Clark v. Boeing Co.,* 395 So.2d 1226 (Fla. 3d DCA 1981); *Maiden v. Carter,* 234 So.2d 168(Fla. 1st DCA 1970); Fla.R.Civ.P. 1.110(b).

The degree of due process necessary to sustain a procedure against constitutional challenge can depend on the importance of the right or benefit in question. *Goldberg v. Kelly,* 90 S.Ct. 1011, 1017-18 (1970). Evicting a tenant from a public housing project can have serious

impact. There is a shortage of low-cost housing, the cost of moving can be prohibitive, and eviction can take an emotional toll on a tenant and his/her family. *McQueen v. Druker,* 317 F.Supp. 1123 (D. Mass. 1970) *aff'd,* 438 F.2d 781 (1st Cir. 1970). Considering the potential harm, the requirement of detailed notices of lease termination is a minimal burden to impose upon the County.

Even if oral notice may supplement vague written notices to satisfy constitutional guarantees, it would not have been sufficient in this case. Testimony from Ms. Dawkins at the hearing on the motion indicated that after the first notice, the 7-day notice of violation and right to cure, the Defendant was advised that she was not to allow her son Gary onto project premises. However, the incident which triggered the delivery of the second notice, the 30-day termination notice, was the arrest of Defendant's other son, Ernest. Thus, this case is an excellent example supporting the requirement of detailed written notice.

Although this Court has concluded that the complaint must be dismissed under applicable law, Dade County should be commended for what the Court believes to be a good faith effort to rid public housing developments of those individuals, whether tenants or not, contributing to drug activity in these areas. Drugs, particularly crack cocaine, pose a serious threat to the safety and well-being of project residents. Most residents do not have the option to move from their homes to avoid the drug element in their community, and they live in constant fear that their children will become addicts or perhaps be killed or maimed from the extensive violence that accompanies drug trafficking. This is a serious problem that the community must address in a forceful, aggressive manner, within constitutional limitations.

ACCORDINGLY, based on the foregoing reasons, Defendant's Motion to Dismiss is hereby GRANTED.

DONE and ORDERED in Dade County, Florida, this 8th day of February, 1988.