UNITED STATES of America

v.

Barbara ROBINSON.

CR. No. 88–068 P.

United States District Court,
D. Rhode Island.

Sept. 27, 1989.

**1542**

Michael Iannotti, Asst. U.S. Atty., District of R.I., Providence, R.I., for plaintiff.

Gilbert Walker, Providence, R.I., for defendant.

## OPINION AND ORDER

PETTINE, Senior District Judge.

The facts of this case can be stated simply: The defendant, Barbara Robinson, pled guilty to having knowingly and intentionally distributed a mixture containing cocaine-base, a Schedule II Controlled Substance, in violation of 21 U.S.C. Section 841(a)(1) and 18 U.S.C. Section 2, on September 13, 1988 in the City of Providence. The government stipulated that the offense involved less than 250 milligrams of cocaine-base and recommended that defendant be given the minimum sentence under the Sentencing Guidelines. The Court sentenced defendant to a three-year term of probation.

The government has petitioned this Court for an order of forfeiture, pursuant to 21 U.S.C. Section 853, of the following property:

A lease entered into between New City Association as owner and Barbara Robinson as lessee on May 2, 1988 for Apartment Number 5 at 261 Rhodes Street, Providence, Rhode Island.

The government included a forfeiture allegation in the indictment, as required by Federal Rule of Criminal Procedure 7 ("No judgment of forfeiture may be entered in a criminal proceeding unless the indictment or information shall allege the extent of the interest or property subject to forfeiture."). The Assistant United States Attorney reiterated this allegation at a Court proceeding on November 15, 1988, at which defendant entered a guilty plea to the one count indictment. The prosecutor stated that "The government also seeks forfeiture of the defendant's lease to this housing under this indictment for the reason that the defendant used her apartment, thereby used her lease, in the commission of the crime. Therefore, the lease would be subject to forfeiture under Title 21, United States Code, Section 853." The defendant stated that she understood this request. The following colloquy concerning the charges then occurred.

Court: Are you guilty of this offense?
Defendant: Yes, I am.
Court: Did you do what Mr. Iannotti states?
Defendant: Yes, I did.

The defendant's responses and the plea of guilty entered by defendant to the indictment do not necessarily contain an admission that defendant used this apartment in the commission of the crime. However, whether defendant used this apartment in the commission of the crime is an issue this Court need not decide, given the Court's holding that Robinson's lease cannot be forfeited under 21 U.S.C. Section 853.

The apartment at 261 Rhodes Street, the subject of the forfeiture petition, is the residence of Barbara Robinson and her three children, who are 8, 5 and 2 years old. The Robinson family has lived in this building since at least 1983.

An examination of the defendant's renewal lease, for the period beginning March 1, 1989, reveals that the rental payments for this apartment are subsidized by the United States Department of Housing and Urban Development. The subsidy is provided through the Section 8 program under the United States Housing Act, 42

U.S.C. Section 1437f. *See* Owner's Certification of Compliance with HUD's Tenant Eligibility and Rent Procedures, appended to copy of aforementioned lease provided to Court. Under the terms of an addendum to the lease, the total rent for the apartment is $712 per month. Of this amount, "$608 shall be payable by or at the direction of the Department of Housing and Urban Development as housing assistance payments on behalf of the Lessee and $104 shall be payable by the Lessee."[1] Thus, the forfeiture of Robinson's lease would work a forfeiture of the federal subsidy payments for the apartment as well. According to Robinson's sworn testimony at the sentencing proceeding on February 9, 1989, if her lease is forfeited, she and her family will be unable to afford an apartment and will be forced to live in a shelter for the homeless. The Court believes this statement to be true.

I. Disproportionality of the Penalty

■ Criminal forfeiture is a form of punishment and, therefore, subject to the Eighth Amendment's prohibition against disproportionate punishments. *Ingraham v. Wright*, 430 U.S. 651, 667, 97 S.Ct. 1401, 1410, 51 L.Ed.2d 711 (1977) (Eighth Amendment prohibits not only barbaric punishments, but also proscribes punishment grossly disproportionate to the severity of the crime) (citing *Weems v. United States*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910)). Here, 21 U.S.C. Section 853 makes forfeiture of defendant's entire interest in property used in the commission of the offense mandatory; the statute provides the Court with no discretion to avoid excessively harsh or fortuitous applications. The Court, however, has the constitutional responsibility to assure that a forfeiture proceeding under Section 853 does not inflict excessive punishment in violation of the Eighth Amendment. *Cf. United States v. Busher*, 817 F.2d 1409, 1413–16 (9th Cir.

1987) (although RICO's forfeiture provision provides no discretion, the District Court must avoid unconstitutional results by fashioning forfeiture orders that stay within constitutional bounds).

Before an order of forfeiture can be entered under Section 853, I must determine that the forfeiture requested, together with the other punishments imposed, is not so disproportionate to the offense committed as to violate the Constitution. As Justice Powell stated succinctly, "The inquiry focuses on whether a person deserves such punishment, not simply on whether punishment would serve a utilitarian goal." *Rummel v. Estelle*, 445 U.S. 263, 288, 100 S.Ct. 1133, 1146, 63 L.Ed.2d 382 (1980) (dissent). I believe the factual setting of this case warrants, indeed mandates, a careful balancing of the punishment and the crime.

In *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Supreme Court set out three objective factors by which courts should be guided in reviewing the proportionality of sentences under the Eighth Amendment: (1) the harshness of the penalty in light of the gravity of the offense; (2) sentences imposed for other offenses in the same jurisdiction (in this case, the federal system); and (3) sentences imposed for commission of the same crime in other jurisdictions. 463 U.S. at 292, 103 S.Ct. at 3010. In reviewing the proportionality of the punishment at issue here—a sentence of three years' probation and the forfeiture of the defendant's federally-subsidized lease—the Court is unable to evaluate the punishment according to the latter two factors because the forfeiture sought appears to be unique to this case,[2] making a comparison of this penalty with other federal and state penalties impossible.

Therefore, I will evaluate the proportionality of the penalty according to the first

1. The tenant's contribution toward rent is computed by the local public housing agency, here the Rhode Island Housing and Mortgage Finance Corporation, on the basis of the family's income. *See* 42 U.S.C. Section 1437a (listing criteria used to determine amount that family shall pay as rent).

2. Research has uncovered no reported case in which the federal government has sought the forfeiture of a federally-subsidized lease for an apartment, under either the civil or criminal forfeiture provisions, nor has either party cited any such case.

factor. The forfeiture of the apartment and the federal housing assistance payments which subsidize it would take from defendant her home and the *only* means by which she can obtain housing for herself and her children at this time. Such a forfeiture is fundamentally different in nature from the forfeiture of land or a house, whether owned outright or leased. An order of forfeiture here would be, in effect, a sentence of homelessness for the defendant and her three young children.

The Court recognizes that defendant has pled guilty to a drug offense punishable by imprisonment, and that the pervasive and destructive nature of drug offenses mandates cold hard sentences; but it also recognizes that the penalty requested here is especially harsh. In comparing the penalty requested to the gravity of the offense committed, the Court may consider the circumstances surrounding the defendant's criminal conduct. *Enmund v. Florida*, 458 U.S. 782, 797–801, 102 S.Ct. 3368, 3376–78, 73 L.Ed.2d 1140 (1982) (Supreme Court examined the circumstances of defendant's crime in great detail). I have considered several factors in making this evaluation, including the important and uncontroverted facts that no drugs were stored in defendant's apartment and that the undercover police officer came to defendant's apartment and was not solicited by defendant.[3] Moreover, there was no allegation or inference that defendant sold drugs on any occasion other than the instance to which she pled, and on that occasion the defendant sold less than 250 milligrams of cocainebase.[4] The government has seemingly acknowledged these factors in its recommendation to the Court that defendant be given the minimum sentence under the Sentencing Guidelines. Yet, the government asks the Court to impose a forfeiture that will, without any doubt, have a devastating impact on the lives of the defendant and her family.

I conclude that the penalty of forfeiture of the defendant's lease, and the concomitant federal housing assistance benefits, is

---

3. The defendant's account of the offense, submitted to the Court, is set forth here verbatim, except that the names have been omitted to protect the confidentiality of the report: "On the day of September 13, 1988, I was about to go out of my apartment of 261 Rhode Street, apartment 5, to go outside the building. A woman entered the building, she said hi, I said hi in return. She asked me did I know where [A] and [B] had moved. She at that time told me how she used to get high with [A] and [B] in apartment # 3. She also said she bought the 10 vials for $80.00 a bundle from [A]. I, at that point said, '[A] is in jail and I don't know where [B] moved.' She wanted to know if [C] had anything. I told her that [C] didn't have anything, she also asked me if [D] had anything. I, at that time said, '[D] don't sell'. She asked me do I know where she can get a bundle for $80.00. I proceeded to tell her that she could go to the corner and purchase the drugs. She told me that she's been to the corner the night before and had purchased five vials for $50.00 from [E]. She said that [E] burned her and she did not want to deal with the corner; so she asked me if I knew anybody that I could get the drug from to give it to her. So I said to the woman wait one minute. I went into Apartment # 6 and asked a man who I know sells drugs, if he had anything, he said yes, so I asked him if he would sell me a bundle. I purchased the drug and I took my $50.00 and bought it and she gave me the $80.00 in return. She said, 'thank you' and she left."

The Government's version of the offense, from which the names of persons other than defendant have been omitted, does not vary substantially on the fundamental points: "On September 13, 1988, [X], an officer of the East Providence Police Department working in an undercover capacity, went to 261 Rhodes Street, Providence, Rhode Island, proceeded to Apartment # 5 and knocked on the door. The defendant, Barbara Robinson, came to the door, which had been wide open, and [X] asked the defendant if her boyfriend still lived there. The defendant indicated that the boyfriend had left and asked [X] if she could be of assistance. [X] told the defendant that she wished to purchase some 'crack'. The defendant asked [X] how much she wanted to pay, and [X] responded that she wanted to pay $3.00 per vial. The defendant then said that she would give [X] 10 vials for $80.00. [X] agreed and handed the defendant $80.00. Both the defendant and [X] then went across the hall to Apartment # 6 and the defendant went into a small bedroom and returned with the 10 vials of 'crack', which is a cocaine-base substance."

4. The Court also recognizes certain mitigating aspects of defendant's background and attitude that, although not aspects of the circumstances surrounding the defendant's criminal conduct in a strict sense, argue in her favor. Defendant has no juvenile adjudications and no prior criminal record; defendant now is genuinely remorseful.

disproportionately severe in light of the conduct alleged here. The magnitude of the requested penalty far exceeds the magnitude of the offense.

## II. Forfeiture under 21 U.S.C. Section 853

■ In addition to the incongruity between the requested penalty and the offense, the Court finds that this lease is not forfeitable under 21 U.S.C. Section 853, the criminal forfeiture statute. That statute provides that:

Any person convicted of a violation of [certain subchapters of the Drug Abuse Prevention and Control chapter] punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—

. . . .

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. . . .

21 U.S.C. Section 853(a).

The statute sets forth the meaning of the term "property" used therein:

Property subject to criminal forfeiture under this section includes—

(1) real property, including things growing on, affixed to, and found in land; and

(2) tangible and intangible personal property, including rights, privileges, interests, claims, and securities.

21 U.S.C. Section 853(b). While a leasehold interest would ordinarily be classified as a real property interest,[5] the government here cites subsection (2), thereby alleging that defendant's lease is among her "tangible and intangible personal property, including rights, privileges, interests, claims, and securities." The government seeks the forfeiture of a personal property interest, specifically defendant's interest in the fed-

eral housing subsidy, the payment of which is a term of defendant's lease.

A subsidy for housing through the Section 8 program, like other forms of public assistance benefits, is a property interest of the recipient. *See Joy v. Daniels,* 479 F.2d 1236 (4th Cir.1973) (holding that a tenant in a privately-owned, federally-subsidized housing project has a property interest in the tenancy beyond the end of the lease term); *Swann v. Gastonia Housing Authority,* 502 F.Supp. 362, 365 (W.D.N.C. 1980) (finding that Section 8 tenants have a property interest in their tenancy, under analytical criteria set forth by Supreme Court in *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). It is Robinson's interest in receiving the federal subsidy for her apartment that is really at issue here.

The government's right to demand forfeiture of this interest is not clear. The Supreme Court recently considered the scope of the criminal forfeiture statute, 21 U.S.C. Section 853, under which the government petitions here. In *United States v. Monsanto,* —— U.S. ——, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989), the Court considered whether Section 853 authorizes a District Court to enter a pre-trial order freezing assets in a defendant's possession even where the defendant seeks to use those assets to pay an attorney. The Court found that the statute had a broad scope, absent a statute that conflicts with it. The Court stated that "the language of Section 853 is plain and unambiguous: All assets falling within its scope are to be forfeited upon conviction." Id., 109 S.Ct. at 2662. But in rejecting the arguments that Section 853(a) should be read as limited by other subsections of the statute (specifically, subsections 853(c) and 853(e)), the Court acknowledged that some limit in the reach of Section 853 was possible if another statutory provision was necessarily inconsistent with Section 853(a).[6] Congress so limited

---

**5.** The civil forfeiture statute, 21 U.S.C. Section 881, specifically includes a leasehold interest as real property. In that statute's listing of property subject to civil forfeiture is the item: "(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land ... which is

used, or intended to be used, ... to commit ... a violation of this title punishable by more than one year's imprisonment. . . ."

**6.** The Supreme Court stated: "Section 853(a) is categorical; it contains no reference at all to Sections 853(e) or 853(c), let alone any refer-

the reach of the criminal forfeiture statute when it enacted a provision in 21 U.S.C. Section 853a which is necessarily inconsistent with Section 853(a) [7].

Congress addressed the issue of whether federal benefits could be denied to drug traffickers and drug possessors in 21 U.S.C. Section 853a, enacted November 18, 1988. This statute squarely addresses the use of denial of federal benefits as a penalty for drug offenses. It states in relevant part:

(a) Drug traffickers

(1) Any individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances (as such terms are defined for purposes of the Controlled Substances Act [21 U.S.C.A. Section 801 et seq.] shall—

(A) at the discretion of the court, upon the first conviction for such an offense be ineligible for any or all Federal benefits for up to 5 years after such conviction....

21 U.S.C. Section 853a(a)(1)(A).

As defined by the statute:

the term "Federal benefit"—

(A) means the issuance of any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States; and

(B) does not include any retirement, welfare, Social Security, health, disability, veterans benefit, *public housing,* or other similar benefit, or any other benefit for which payments or services are required for eligibility....

21 U.S.C. Section 853a(d)(1) (emphasis added). Although the statute does not reach Robinson's conduct,[8] it provides clear evidence of Congressional intent not to allow the denial of federal benefits which relate directly to the health and survival of the recipient as a penalty for drug offenses.

In seeking to harmonize these two conflicting statutes, one which could be interpreted as mandating the forfeiture of public housing benefits as a penalty for drug offenses and the other which prohibits denial of public housing benefits as a penalty for drug offenses, this Court takes guidance from *Morton v. Mancari,* 417 U.S. 535, 550–51, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974), wherein the Supreme Court stated: "Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." In 21 U.S.C. Section 853a, Congress fashioned a statute to delineate those federal benefits which can be denied as a penalty for certain drug offenses and those which cannot. It specifically excluded public housing from the list of benefits which might be denied. This specific statute must not be nullified by the general terms of 21 U.S.C. Section 853. It flies in the face of reason to presume that Congress intended that the very benefits protected from denial in Section 853a were to be forfeited under Section 853. Therefore, to give effect to the exemption of certain federal benefits listed in Section 853a, Section 853 must be construed as not encompassing those federal benefits. Thus, Section 853 cannot mandate the forfeiture of a federally-subsidized lease as a penalty for a drug offense.

### III. Contravention of the Court's Judgment

Furthermore, the forfeiture of Barbara Robinson's lease would contravene this Court's Judgment of February 13, 1989. In that Judgment, defendant was placed on probation for a term of three years. One of the conditions of probation, stated in the

---

ence indicating that its reach is limited by those sections. Perhaps some limit could be implied if these provisions were necessarily inconsistent with Section 853(a)." *Monsanto,* 109 S.Ct. at 2665.

**7.** To guard against possible confusion in the reading of the citations, it is emphasized that Section 853a ("a" without parenthesis), dealing with denial of federal benefits, is a separate statute from 853, the criminal forfeiture statute; in the criminal forfeiture statute, the subsections are cited in parenthesis.

**8.** "The denial of Federal benefits set forth in this section shall take effect for convictions occurring after September 1, 1989." 21 U.S.C. Section 853a(h).

Judgment, is that "the defendant shall support his or her dependents and meet other family responsibilities." Providing a home for her three children is among the most basic of Robinson's family responsibilities. According to her sworn testimony, if her lease is forfeited, Robinson and her family will be unable to afford an apartment, and they have no relatives with whom they could live. Therefore, Robinson stated that, if they lose their apartment, she and her children will be forced to live in a shelter. Statement of defendant, Sentencing proceeding, February 9, 1989. Forfeiture will make Robinson's compliance with the conditions of probation impossible. To order the forfeiture of this lease in these circumstances would obstruct the operation of the Judgment rendered by this Court on February 13, 1989.

IT IS HEREBY ORDERED that the government's petition for order of forfeiture of the defendant's lease is denied.