Tammy EDGECOMB and
Kurt Edgecomb,

v.

HOUSING AUTHORITY OF the TOWN
OF VERNON and Catherine Melan.

No. 2:92cv01028 (PCD).

United States District Court,
D. Connecticut.

June 10, 1993.

Dennis J. O'Brien, Conn. Legal Services, Willimantic, CT, Kevin J. Brophy, Torrington, CT, Joelen J. Gates, Conn. Legal Services, Rockville, CT, for plaintiffs.

Ralph J. Alexander, John F. Sullivan, East Hartford, CT, for defendants.

---

## RULING ON PENDING MOTIONS

DORSEY, District Judge.

Plaintiffs, former participants in the Housing Assistance Payments Program pursuant to Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f ("the Section 8 program"), allege illegal deprivation of their right to continued rental subsidies. Defendant Melan is sued in her official capacity, as executive director of defendant Housing Authority of Vernon ("VHA"). Plaintiffs seek declaratory, injunctive, and monetary relief. Defendants move to dismiss pursuant to Fed. R.Civ.P. Rules 12(b)(7) and 19(b). Plaintiffs have moved for a preliminary injunction. After a hearing, and in accordance with the parties' understanding, this case will now be decided on the merits.

### Background

Under Section 8, subsidies are paid on behalf of low-income families to lessors. The program is administered by local public housing agencies ("PHAs"), such as VHA, which enter into Annual Contributions Contracts ("ACCs") with the U.S. Department of Housing and Urban Development ("HUD"). Pursuant to the ACCs, subsidies compensate landlords for the difference between the rent a tenant can afford and the market rental rate. HUD's regulations for the Section 8 program are in 24 C.F.R. §§ 812, 813, and 882.

Plaintiffs and their two minor children began participating in the Section 8 program in 1987. In July of 1991, Tammy Edgecomb's brother was visiting at her apartment when he asked her for a ride to the store. At the store parking lot, he sold cocaine to two men. Based on that incident Tammy Edgecomb was arrested on February 28, 1992 and charged with conspiracy to sell cocaine under Conn.Gen.Stat. §§ 21a–277(a) and 53a–48, charges which were terminated by *nolle prosequi.*

PHAs are authorized to deny or terminate assistance under Section 8 if any family member has engaged in drug-related or violent criminal activity. 24 C.F.R. §§ 882.-118(b)(4), 882.210(b)(4). In March of 1992, plaintiffs were notified by the VHA that they were to be terminated from the program immediately and that:

> The reason for this action is ... having engaged in drug related criminal activity or violent criminal activity, including criminal activity by any family member and is in violation of HUD regulations at 24 CFR 882.118(b)(4).

> You have the right to request an informal hearing if you dispute the reasons or our intended action. You may retain counsel or other representation, if desired, at your own expense. Either you or your counsel will be given an opportunity to examine evidence and question any adverse witnesses and will also be given an opportunity to present testimony and evidence in your favor.

Complaint, Exhibit A. Plaintiffs timely requested an informal hearing. On April 6, 1992, the Section 8 coordinator advised plaintiffs that they were terminated and that no hearing would be held. Defendants immediately ceased payments to plaintiffs' landlord.

On September 8, 1992, plaintiffs again requested an informal hearing which was held on October 7, 1992. The hearing officer ordered the termination of assistance in a written opinion dated November 4, 1992. Defendants paid retroactive assistance for the period from April through November, 1992. Defendants made no payments to plaintiffs' landlord after November, 1992.

### Discussion

#### I. *Motion to Dismiss*

■ Defendants move to dismiss pursuant to Fed.R.Civ.P. 12(b)(7) based on plaintiffs' failure to join the Secretary of HUD under Fed.R.Civ.P. 19. Defendants argue that the Secretary is a necessary party because plain-

tiffs are seeking adjudication of the constitutional validity of HUD's regulations, and because defendants are merely agents who apply those regulations. *See* Memorandum in support of Defendants' Motion to Dismiss, at 5. Defendants also argue that any decision here would jeopardize defendants' federal funding under their ACC. *See id.* at 6.

A person shall be joined as a party if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). If such a person has not been joined, the court shall order that he or she be made a party. *Id.* If joinder is not feasible, the court must decide, based on a number of factors specified in Fed.R.Civ.P. 19(b), whether the action should proceed or be dismissed.

Joinder of HUD is not necessary for a just adjudication of this action. Plaintiffs do not challenge the constitutionality of the regulations governing the termination of assistance under Section 8. Rather, plaintiffs allege defendants' violation of those regulations. Specifically, plaintiffs allege a failure to provide notice and a termination hearing in accordance with the regulations. As the complaint challenges only defendants' conduct and not the validity of the applicable regulations, the court may grant the relief requested. *See Arthur v. Starrett City Assoc.,* 89 F.R.D. 542 (E.D.N.Y.1981).

A finding for plaintiffs here would not subject defendants to a risk of inconsistent obligations, Fed.R.Civ.P. 19(a)(2)(ii), or jeopardize defendants' standing with HUD. If a PHA has committed an error, it is required to take corrective action. *See* HUD Handbook 7420.7, *Public Housing Agency Administrative Practices Handbook for the Section 8 Existing Housing Program,* ¶¶ 9–11 (1979)

(Plaintiff's Memorandum in Opposition, Appendix A). The complaint alleges that defendants erred by failing to comply with the applicable regulations. For purposes of a motion to dismiss under Rule 12(b)(7), the well-pleaded factual allegations contained in the complaint are accepted as true. *Kingstone v. Liberman,* 99 F.R.D. 329, 330 (W.D.Pa.1983).

This case differs from *M.A.I.N. v. Comm'r, Maine Dep't of Human Services,* 697 F.Supp. 557 (D.Me.1988), *vacated on other grounds,* 876 F.2d 1051 (1st Cir.1989), where plaintiff alleged that the regulations themselves, which only the Secretary had authority to alter, were infirm. There, as in *Pegues v. Mississippi State Employment Service,* 57 F.R.D. 102 (N.D.Miss.1972) (Secretary of Labor held indispensable party in suit for modification of state's job placement procedures), granting the requested relief would have required the state defendant to violate federal regulations. No such problem is presented here. As it is not necessary for HUD "to be joined if feasible," Fed.R.Civ.P. 19(a), this action will not be dismissed pursuant to Fed.R.Civ.P. 12(b)(7).

## II. *Plaintiffs' Claims*

### A. *Notice*

■ Notice of a PHA's decision to terminate assistance must "contain a brief statement of the reasons for the decision." 24 C.F.R. § 882.216(a)(1). Whether defendants' termination procedures in this case complied with the applicable regulations must be judged in light of the due process requirements of *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). *See* 55 Fed.Reg. 133 at 28, 541 (July 11, 1990) ("PHAs must adopt written informal pretermination hearing procedures for participants, which fully meet the requirements of *Goldberg v. Kelly* "). "A subsidy for housing through the Section 8 program . . . is a property interest of the recipient." *United States v. Robinson,* 721 F.Supp. 1541, 1542 (D.R.I. 1989). The requirement of notice is to inform the tenant of the allegations so that he can prepare a defense. *Escalera v. New York City Housing Authority,* 425 F.2d 853,

862 (2d Cir.1970). Thus, notice should be "sufficiently specific ... to enable [the] applicant to prepare rebuttal evidence to introduce at his hearing appearance." *Billington v. Underwood,* 613 F.2d 91, 94 (5th Cir.1980).

Here, the notice of termination for "having engaged in drug-related criminal activity or violent criminal activity, including criminal activity by any family member ..." was insufficient to inform plaintiffs adequately of the allegations against them. The notice "failed to set forth a factual statement of the incident or incidents which constituted the grievance." *Housing Authority of King County v. Saylors,* 19 Wash.App. 871, 578 P.2d 76, 79 (1978) (termination notice stating that tenant was "in violation of your lease in section 6j: The Tenant shall not commit or maintain a nuisance on or about the premises" held insufficient). The notice sent to plaintiffs does not indicate which family member committed proscribed acts, what the nature of the alleged crime was, or when the relevant acts were committed. *See id.* Nor did it provide notice of adverse evidence so that they would be able to rebut it. *See Robbins v. United States Railroad Retirement Bd.,* 594 F.2d 448, 453 (5th Cir.1979). The notice merely restated the regulation relied on. A notice which "merely parrot[s] the broad language of the regulations" is insufficient. *Billington,* 613 F.2d at 94.

The regulations interpreted in light of *Goldberg v. Kelly,* 397 U.S. at 267, 90 S.Ct. at 1020, require timely and adequate notice detailing the reasons for the proposed termination. A proper notice in compliance with the regulations would state the particular felony and the person who allegedly committed it, and would give a brief factual statement concerning the incident. *See Saylors,* 578 P.2d at 79. Such would impose no significant burden upon defendants, while the additional safeguards thus provided would reduce significantly the risk of an erroneous deprivation of Section 8 benefits. *See Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

### B. *Informal Hearing*

Plaintiffs contend that the informal hearing in October, 1992 violated 24 C.F.R. § 882.216. Plaintiffs allege that they were denied an opportunity to confront their accusers, that the hearing officer's decision was based entirely on hearsay, and that the hearing officer did not indicate the reasoning behind her decision. The hearing provided for by the applicable regulations is informal and admissibility is not subject to the rules of evidence. 24 C.F.R. § 882.216(b)(6)(iv). Nevertheless, PHAs must allow the parties to present evidence and question any witnesses. 24 C.F.R. § 882.216(b)(6)(iv). Defendants must prove the allegations against plaintiffs by a preponderance of the evidence. 24 C.F.R. § 882.216(b)(6)(v).

At the October hearing, plaintiffs offered their own testimony, including that of Tammy Edgecomb that she would not have given her brother a ride had she been aware of his purpose. Plaintiffs' landlords and a parent aide testified that neither had seen any evidence of drug-related activity in plaintiffs' apartment. The Section 8 coordinator testified as to the basis of the termination. Also in evidence was a police report describing the arrest and underlying circumstances and two newspaper articles detailing the arrest, quoting the observation of unspecified unhealthy conditions in the apartment and drug paraphernalia. The hearing officer accepted these documents into evidence pursuant to 24 C.F.R. § 882.216(b)(6)(iv).

The Section 8 coordinator had no personal knowledge of the circumstances. The police report was based on discussions that the affiant had overheard monitoring a wireless transmitter and provided no information based on his firsthand observations. The report contained quotations from a confidential informant which implicated Tammy Edgecomb as present at drug deals at the apartment and at the parking lot, and from an undercover officer, but not from plaintiffs. Neither the police officers nor the confidential informant were available at the informal hearing for plaintiffs to confront or cross-examine.

"Participants have the right to cross examine any witness upon which a PHA relies." 55 Fed.Reg. 133, at 28,541 (July 11, 1990). The hearing officer relied solely on the police report and the articles to sustain defendants'

denial of assistance. Hence the decision was based upon evidence which, because of its hearsay character, was provided by witnesses who could not be cross-examined by plaintiffs. While administrative pretermination hearings are informal, the opportunity to confront and cross-examine witnesses is essential when the information supplied by those witnesses is the reason for the loss of benefits. *Goldberg v. Kelly*, 397 U.S. at 269–70, 90 S.Ct. at 1021–22. Denying the tenant the opportunity to confront and cross-examine persons who supplied information upon which the housing authority's action is grounded is improper. *Escalera*, 425 F.2d at 862.

*Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), does not contradict this conclusion. In that case, it was held that a written physician's report, despite its hearsay character and the absence of cross-examination, may constitute substantial evidence under § 205(g) of the Social Security Act, when the claimant had a right to subpoena the reporting physician but failed to do so. *Id.* at 402, 91 S.Ct. at 1427. In *Perales*, unlike in the case here, the claimant had an opportunity to cross-examine but failed to take advantage of it, *id.* at 404–05, 91 S.Ct. at 1428–29. The Section 8 procedures do not provide participants with the right to subpoena witnesses. Nor did *Perales* concern the termination of benefits previously granted, *id.* at 407, 91 S.Ct. at 1430. In view of hearsay character of all the evidence against plaintiffs, and the questions of credibility in view of the contrary evidence, plaintiffs were denied the opportunity to confront and cross-examine the witnesses relied upon by defendants, in violation of the applicable regulations as interpreted by HUD.

■ Pursuant to 24 C.F.R. § 882.-216(b)(6)(v), the hearing officer must issue a written decision stating briefly the reasons for the decision. HUD interprets this requirement as follows:

> The statement of decision required by the regulation must be truly informative as to the reasons for the decision. This would include a short statement of the elements of fact or law on which the decision is actually based. A bare and conclusory statement of the hearing decision, that does not let the participant know the basic reasons for the decision, will not satisfy the regulatory requirement.

49 Fed.Reg. 62 at 12,230 (March 29, 1984). The hearing officer's conclusory statement that "there was a preponderance of evidence that indicated that a Family member did engage in such drug related activity while on the Section 8 Program, which is a violation of 24 C.F.R. 882.118 ..." must be considered insufficient. Complaint, Exhibit H. The opinion did not state the elements of fact or law on which the decision to uphold the termination of assistance was based. Nor did the hearing officer specify the reasons for her determination or indicate the evidence on which it rested. *See Kowal v. United States*, 412 F.2d 867, 873, 188 Ct.Cl. 631 (1969); *Saylors*, 578 P.2d at 79; *see also Goldberg v. Kelly*, 397 U.S. at 271, 90 S.Ct. at 1022. This decision was contrary to HUD regulations and requirements. *See* 24 C.F.R. § 882.-216(b)(7)(1)(B).

### C.  *Damages*

■ Plaintiffs seek compensatory damages under 42 U.S.C. § 1983 to redress deprivation of their constitutional right to due process resulting from the initial termination of assistance in April, 1992 without a hearing. Defendants have admitted that the initial termination of assistance without a hearing was improper. In November of 1992, defendants reinstated the Section 8 subsidies retroactively for the period from April through November of 1992.

Title 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Tammy Edgecomb testified before this court that the unlawful termination in April caused her to become de-

pressed and angry, resulted in increased family discord and stress, and exacerbated her pre-existent stress-related medical symptoms. *See* Hearing Transcript, at 56–63.

Mental and emotional distress are compensable under § 1983. *Carey v. Piphus,* 435 U.S. 247, 263–64, 98 S.Ct. 1042, 1052–53, 55 L.Ed.2d 252 (1978). Where the deprivation is of a procedural due process nature, it is not justifiable to award compensatory damages without proof that the injury actually was caused by the deprivation. *Id.* at 264, 98 S.Ct. at 1052. The evidence presented at the hearing before this court did not establish injury to a degree which warranted assessing compensatory damages. There was no evidence of bad faith on the part of defendants, and thus no basis for assessing punitive damages. *See Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983). For the denial of plaintiffs' right to due process, plaintiffs are awarded nominal damages of one dollar ($1.00).

*Conclusion*

Defendants' motion to dismiss (document # 10) is denied.

For the foregoing reasons, defendants' termination of plaintiffs' housing assistance payments based on the hearing of October 7, 1992, violated the applicable regulations and is unlawful and void. Accordingly, defendants shall reinstate plaintiffs' Section 8 housing assistance payments retroactive to December 1, 1992. Defendants are hereby enjoined from terminating plaintiffs' Section 8 housing assistance payments on the basis of the previously established record.

Plaintiffs' motion for a preliminary injunction (document # 4) is denied as moot in light of the above finding.

SO ORDERED.