[No. 5886–1.   Division One.   January 22, 1979.]

SUSAN S. DAVIS, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL, *Respondents*.

*Lundin, Estep, Sindell & Haley* and *Donald D. Haley,* for appellant.

*Slade Gorton, Attorney General,* and *Richard L. Kirkby, Assistant,* for respondents.

WILLIAMS, J.—Following complaint to the Washington State Human Rights Commission and the Equal Opportunity Employment Commission, this action was brought by Susan S. Davis, pursuant to the state Law Against Discrimination, RCW 49.60, to recover damages from the State of Washington for discrimination against her in a promotion which arose in the Department of Labor and Industries. The trial court found that there was sex discrimination but refused to allow damages. Davis appeals, contending that she is entitled to back pay and a larger award by way of attorney's fees. We agree and reverse.

The facts are these: Davis, a clerk typist II in the Department of Labor and Industries, applied for promotion to the position of revenue compliance officer II. She was qualified for the position. Her civil service examination score of 87.6 placed her first for consideration in the Department and second in all state departments in the Seattle–Everett area.

In July 1973, an opening for a revenue compliance officer II occurred and Davis, together with Theodora Kendall and Mary E. Foley, was certified as qualifying for the position. The appointing authority, Max M. Whittlesey, expressing concern that all three were women, felt that the position was more suitable for a man, because a revenue compliance

officer was required to go into rough places such as woods and taverns and would hear rough language. Wayne E. Palmer replaced Theodora Kendall on the list when she withdrew, and Whittlesey then promoted Palmer to the position, telling Davis that she was not chosen because she was too young.

Davis' complaint was first heard by the Washington State Human Rights Commission and the Equal Opportunity Employment Commission, both of which concluded that there was discrimination. When the question was presented to the trial court, the same determination was made, but the trial court did not award damages, finding that regardless of the discrimination, the Department would not have hired Davis.

On appeal, the Department does not contest the trial court's finding of discrimination. The primary issue, then, is whether Davis should have been awarded actual damages as authorized by RCW 49.60.030(2). More specifically, Davis seeks the difference in pay which she would have received had she been promoted and an increase in attorney's fees.

██ An award of damages based upon back pay necessarily depends upon a finding that but for the discrimination Davis would have been promoted. Because proof of such a fact is difficult, a rule has evolved in federal courts requiring that an employer who has discriminated carries the burden of proving by clear, cogent and convincing evidence that in spite of the discrimination, the person would not have been promoted. As was said in *Day v. Mathews,* 530 F.2d 1083, 1085–86 (D.C. Cir. 1976):

> And those courts which have given the most careful consideration to the burden of proof question have held that the employee must prevail unless the employer proves its case by "clear and convincing evidence." . . .
>     The reason for this is straightforward. "Unquestionably, it is now impossible for an individual discriminatee to recreate the past with exactitude." *Johnson v. Goodyear Tire & Rubber Co., supra,* 491 F.2d at 1379. Such a showing is impossible precisely because of the employer's

unlawful action; it is only equitable that any resulting uncertainty be resolved against the party whose action gave rise to the problem. Thus, once discrimination is shown, relief should not be narrowly denied.

(Footnotes and citations omitted.) *Accord, Baxter v. Savannah Sugar Ref. Corp.,* 495 F.2d 437 (5th Cir. 1974), *cert. denied,* 419 U.S. 1033, 42 L. Ed. 2d 308, 95 S. Ct. 515 (1974); *Peele v. Califano,* 447 F. Supp. 160 (D.D.C. 1978); *Braswell v. Kobelinski,* 428 F. Supp. 324 (D.D.C. 1976). *But see Richerson v. Jones,* 551 F.2d 918 (3d Cir. 1977).

The rule should be applied to this case, not only because it is reasonable, *see Albertson's, Inc. v. Human Rights Comm'n,* 14 Wn. App. 697, 544 P.2d 98 (1976), but because the statute, RCW 49.60.030(2), includes the remedies authorized in the United States Civil Rights Act of 1964, which permits back pay. 42 U.S.C. § 2000e–5(g) (1974). The trial judge applied this rule, but found that the Department had proved by clear, cogent and convincing evidence that Davis would not have been promoted. Critical findings of the court on this point are:

Mr. Whittlesey's cultural background was such that he felt that the position of Revenue Compliance Officer II was more suitable for a man than it was suitable for a woman because it required going into rough places such as the woods, or going into taverns, going out and listening to rough language.

Finding of fact No. 8.

When one of the females waived her right to be considered for promotion, 30 year old Wayne E. Palmer was placed on the list. His grade of 83.4 ranked him third behind plaintiff and Mary E. Foley. Mr. Whittlesey then selected Wayne E. Palmer to the position.

Finding of fact No. 9.

The education background of Wayne E. Palmer consisted of 61 quarter hours of general education at Western Washington State College, 73 quarter hours of business courses at Everett Jr. College, and 65 quarter hours in accounting at Renton College.

Finding of fact No. 10.

The employment background of Wayne E. Palmer consisted of U. S. Naval duties October 1968 to May 1970, working as an accountant with the Department of Social and Health Services from September 1970 to March 1972, working as an accountant with the Department of Employment Security from April 1972 to July 1973.

Finding of fact No. 11.

The educational background of Mary E. Foley consisted of 46 semester–hours of general education at Whitman College, 5 quarter–hours of general education at Centralia J.C. and 74 semester–hours of general education at St. Martins resulting in a B. A. degree.

Finding of fact No. 12.

The employment background of Mary E. Foley consisted of working as a seasonal interviewer for the State of Washington Department of Employment Security from February 1972 to May 1972; working as a Data Control Technician II for Employment Security from May 1972 to February 1973, working as a Statistical Reports Compiler II for Employment Security from April 1973 to May 1973; and working as a Research Analyst I for Employment Security from June 1973 to the time of her application.

Finding of fact No. 13.

No woman had been employed as a Revenue Compliance Officer II from August 1, 1967 to February 27, 1974.

Finding of fact No. 14.

In considering persons for employment to the Revenue Compliance Officer II position, Max M. Whittlesey placed strong emphasis on accounting experience, military experience, and law enforcement experience, fields in which very few women are employed.

Finding of fact No. 15.

The typical work involved in the position of Revenue Compliance Officer as stated in the specifications are: issues emergency warrants and searches property of delinquent taxpayers for distraint proceedings, assist in cases of seizure and sale; notes irregularities peculiar to departmental directories and reports same for subsequent investigation; locates delinquent taxpayers and

attempts to collect revenue by correspondence, telephone, personal contact;

Serve tax warrants, negotiates deferred or partial payment agreements;

Receives and receipts tax monies in Field Office; assists taxpayer in filling out forms; calculates gross business and other tax due; write tax waivers; arranges for registration of new business;

Corresponds with taxpayers, explaining amounts due and department revenue procedures;

The minimum stated qualifications are two years experience in credit investigation, collection or closely allied field.

Training from an accredited college in business administration, accounting or closely allied field may be substituted, year for year, for experience.

Finding of fact No. 19.

Plaintiff was not hired following her interview of July 2, 1973, and was informed by Max M. Whittlesey on July 10, 1973, that another individual was hired because plaintiff was too young.

Finding of fact No. 21.

Although Wayne E. Palmer's qualifications are not superior to the qualifications of plaintiff, Palmer's qualifications, plus his longer work experience for the state, justified the decision to promote him to the position.

Finding of fact No. 25.

Defendant proved by clear and convincing evidence that even if no sex discrimination were involved plaintiff would not have been promoted over Mr. Palmer or Mrs. Foley.

Finding of fact No. 26.

From these findings, the court concluded that Davis would not have been promoted and, hence, was not entitled to back pay.

There is no evidence that Mrs. Foley, the third person under consideration, would have been promoted rather than Davis. Palmer was preferred over Davis because of his experience in accounting and the military, but the job description (finding of fact No. 19) places little emphasis

upon those fields. On balance, the findings are that Davis is more qualified for promotion than Palmer. Possibly Palmer has an edge in accounting, but the evidence is not clear on that.

■ Finding of fact No. 26, that the Department proved by clear, cogent, and convincing evidence that Davis would not have been promoted is not supported by the other findings nor by the record. The cause is remanded to the Superior Court for entry of judgment in favor of Davis in the amount of $18,498.19, the amount found by the court that Davis would have received as increased pay had she been promoted, for a reassessment of attorney's fees in the trial court, and an assessment of attorney's fees on appeal.

CALLOW, C.J., and JAMES, J., concur.

Reconsideration denied March 22, 1979.

Review granted by Supreme Court July 20, 1979.