[No. 46256. En Banc. August 7, 1980.]

SUSAN S. DAVIS, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL, *Petitioners.*

*Slade Gorton, Attorney General,* and *Richard L. Kirkby* and *Thornton A. Wilson, Assistants,* for petitioners.

*Donald D. Haley* (of *Lundin, Estep, Sindell & Haley, Inc., P.S.*), for respondent.

HICKS, J.—Susan S. Davis brought this action against the Department of Labor and Industries (Department) under RCW 49.60.030, which prohibits discrimination on the basis of sex. The trial court found discrimination against Davis, but denied her backpay on the ground that even absent the discrimination she would not have been promoted. The Court of Appeals reversed on the issue of backpay and required reassessment of the fee awarded her attorney. We granted discretionary review and we reverse the Court of Appeals.

Department employed Susan Davis in July 1972, as a Clerk–Typist II in the industrial insurance division. She

sought promotion within the Department to Revenue Compliance Officer II in March 1973. Because of a "mix up", her application was not received in time for her to take the required civil service examination in order to qualify for the appointment list. That position was filled by a 24–year–old male with a 2–year law enforcement background.

In finding of fact No. 19, the trial court delineated the typical work of a Revenue Compliance Officer as:

> [I]ssues emergency warrants and searches property of delinquent taxpayers for distraint proceedings, assist[s] in cases of seizure and sale; notes irregularities peculiar to departmental directories and reports same for subsequent investigation; locates delinquent taxpayers and attempts to collect revenue by correspondent, telephone, personal contact;
>
> Serves tax warrants, negotiates deferred or partial payment agreements;
>
> Receives and receipts tax monies in Field Office; assists taxpayer in filling out forms; calculates gross business and other tax due; writes tax waivers; arranges for registration of new business;
>
> Corresponds with taxpayers, explaining amounts due and department revenue procedures;
>
> The minimum stated qualifications are two years experience in credit investigation, collection or closely allied field.
>
> Training from an accredited college in business administration, accounting or closely allied field may be substituted, year for year, for experience.

Davis met the minimum qualifications, and she took the civil service examination for such a position on May 2, 1973, receiving a grade of 87.6. This qualified her to be placed on the selection list of three for an upcoming vacancy.

In July 1973, the names of Davis and two other females, Mary Foley and Theodora Kendall, were certified to Department as qualified for the position of Revenue Compliance Officer II. Previous to this time, no woman had been employed as such an officer. Subsequently, Kendall withdrew her name from consideration and a male, Wayne

Palmer, was certified in her place. He had a score of 83.4 on the examination, ranking him behind Davis.

July 2, 1973, Davis was interviewed by two Department supervisory personnel. During the interview she was questioned regarding her marital status, her family plans, and her age—all improper areas of interrogation. Some concern was expressed to her about the rough type of places one occasionally had to enter in the performance of the job.

July 10, 1973, Davis was informed that Palmer had been selected for the position, allegedly because she was too young. July 12, she swore out a complaint with the Washington State Human Rights Commission (WSHRC). After an investigation, WSHRC concluded that there was probable cause to believe Davis was discriminated against because of sex. Davis also swore out a complaint with the Equal Employment Opportunity Commission and on September 6, 1974, its director concluded there was reasonable cause to believe she was discriminated against because of sex.

Under RCW 49.60.030, Davis filed the instant suit in King County Superior Court alleging sex discrimination and seeking injunctive relief, backpay, and costs including a reasonable attorney's fee. The trial court determined that the Department had "sexually discriminated against [Davis], within the meaning of the Washington State Law Against Discrimination, by its failure to fairly consider her application for promotion to the position of Revenue Compliance Officer II." It concluded, however, that she was not entitled to damages for the reason that she would not have been selected over the other two qualified persons. Costs were allowed in the amount of $365.52 and her attorney was awarded a fee of $6,000.

Davis appealed. Department did not contest the finding that it had failed to fairly consider her application for promotion. Thus, discrimination becomes an established fact. The sole question to be decided on appeal is whether Davis

was entitled to damages.[1]

The Court of Appeals held that the record and the other findings do not support the trial court's finding of fact No. 26 that Department proved by clear, cogent and convincing evidence that Davis would not have been promoted absent discrimination. The appellate court affirmed the finding of discrimination, but remanded the case for entry of judgment in favor of Davis for damages in the amount of $18,498.19[2] and for reassessment of the fee awarded her attorney. Department petitioned for discretionary review, which we granted.

Initially, Department contends that the Court of Appeals erred in failing to apply the substantial evidence test to the trial court's findings of fact. *See Holland v. Boeing Co.*, 90 Wn.2d 384, 390, 583 P.2d 621 (1978) (substantial evidence test applies to findings under RCW 49.60). The trial court found "clear and convincing evidence" that even absent sex discrimination, Davis would not have been promoted over the other two persons on the list.

██ On appellate review, this court is firmly committed to the rule that a trial court's findings of fact will not be disturbed if they are supported by "substantial evidence." *See, e.g., Sylvester v. Imhoff*, 81 Wn.2d 637, 503 P.2d 734 (1972). As a corollary to this rule, we note that unchallenged findings of fact become verities on appeal. As such, it is unnecessary for us to search the record to determine whether there is substantial evidence to support them. They are the facts of the case. *Goodman v. Bethel School Dist. 403*, 84 Wn.2d 120, 124, 524 P.2d 918 (1974). Here,

---

[1]Davis also assigned error to the trial court's failure to make certain proposed findings: (1) that Whittlesey's refusal to hire her was due to her sex; (2) that accounting, military and law enforcement experience were not shown to be job related; and (3) that Whittlesey's comment regarding Davis' apparel constituted sex discrimination.

[2]The trial court had found that from July 10, 1973, to the date of trial, Davis earned $18,498.19 less than she would have earned had she been selected as a Revenue Compliance Officer II.

Davis has assigned no error to any finding of fact except No. 26. Thus, we have no concern with the remaining 26 findings of fact, other than to ascertain that they support the conclusions of law and the judgment.

In this case, much of the Court of Appeals opinion is concerned with the weight to be accorded the qualifications of the respective applicants:

On balance, the findings are that Davis is more qualified for promotion than Palmer. Possibly Palmer has an edge in accounting, but the evidence is not clear on that.

*Davis v. Department of Labor & Indus.*, 22 Wn. App. 487, 493, 589 P.2d 831 (1979).

Davis apparently does not dispute that the Court of Appeals reevaluated the evidence. She contends, however, that this is permissible under an exception to the substantial evidence rule invoked when the trial court's findings are based on written, graphic material and not oral testimony. *See, e.g., Carlson v. Bellevue*, 73 Wn.2d 41, 435 P.2d 957 (1968); *Smith v. Skagit County*, 75 Wn.2d 715, 453 P.2d 832 (1969). The exception to the general rule that it is the sole province of the trial court to resolve factual conflicts, however, is applicable only when no witnesses testify at trial. Here, four witnesses testified. Testimony of one, the personnel analyst, could well have provided the basis for the trial court's finding that Davis would not have been selected even absent discrimination.

As to the findings of fact, it is not the function of an appellate court to substitute its judgment for that of the trial court or to weigh the evidence or the credibility of witnesses. *Beeson v. Atlantic–Richfield Co.*, 88 Wn.2d 499, 563 P.2d 822 (1977). In this case, we hold that the trial court's unchallenged findings of fact may not be reweighed on appeal. Rather, as amplified by the court's memorandum opinion, when appropriate, they may be challenged only as not supporting the conclusions of law made by the court.

Under the Washington law against discrimination, broad remedial authority is set forth in RCW 49.60.030(2):

Any person deeming himself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, to recover the actual damages sustained by him, or both, together with the cost of suit including a reasonable attorney's fees or any other remedy authorized by this chapter or the United States Civil Rights Act of 1964; . . .

RCW 49.60.250 delineates the remedies available to the WSHRC upon finding an unfair practice as: "affirmative action, including, (but not limited to) hiring, reinstatement or upgrading of employees, with or without back pay, . . ."

■ In construing RCW 49.60, we have looked to interpretations under section 2000e–2 of the Civil Rights Act of 1964, tit. VII, § 703 (as amended), 86 Stat. 103 (codified in scattered sections of 2000, 42 U.S.C. (1976)), for assistance. *Stieler v. Spokane School Dist. 81,* 88 Wn.2d 68, 558 P.2d 198 (1977). In *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 421, 45 L. Ed. 2d 280, 95 S. Ct. 2362 (1975), the United States Supreme Court addressed the issue of backpay in a title VII action:

It follows that, given a finding of unlawful discrimination, backpay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination.

This standard was further refined by the circuit court in *Day v. Mathews,* 530 F.2d 1083, 1085 (D.C. Cir. 1976), where the court held that the employer must prove the discriminatee's qualifications "were such that he would not in any event have been selected." This so–called *but for* test has been adopted in several other circuits. *See, e.g., Richerson v. Jones,* 551 F.2d 918 (3d Cir. 1977); *United Transp. Local 974 v. Norfolk & W. Ry.,* 532 F.2d 336 (4th Cir. 1975), *cert. denied,* 425 U.S. 934, 48 L. Ed. 2d 175, 96 S. Ct. 1664 (1976); *Johnson v. Goodyear Tire & Rubber Co.,* 491 F.2d 1364 (5th Cir. 1974).

Here, Department has not contested the trial court's conclusion of law No. 2:

> [The Department] sexually discriminated against plaintiff, within the meaning of the Washington State Law Against Discrimination, by its failure to fairly consider her application for promotion to the position of Revenue Compliance Officer II.

Department does argue, however, that to avoid a backpay award, it need only show a "legitimate, nondiscriminatory reason" for promoting Palmer over Davis and it need not show that Palmer's qualifications were superior to those of the rejected applicant. It asserts that Palmer's longer work experience with the State as an accountant provided a "legitimate, nondiscriminatory reason" for his promotion.

Both the trial court and the Court of Appeals required Department to prove by "clear and convincing evidence" that Davis would not have been promoted even absent discrimination. Under Washington case law, the "'clear, cogent, and convincing'" standard denotes a quantum of proof less than "beyond a reasonable doubt" but greater than "a mere preponderance of the evidence." *Bland v. Mentor,* 63 Wn.2d 150, 155, 385 P.2d 727 (1963).[3] *In re Sego,* 82 Wn.2d 736, 739, 513 P.2d 831 (1973) equates the standard to that of "'highly probable'". The trial court found that Department satisfied the clear and convincing standard and Davis challenges that finding.

As we have noted, Department disputes that "clear and convincing" is the applicable standard of proof that it should be required to meet and asserts the proper standard to be a preponderance of the evidence. The federal courts are in conflict regarding the quantum of proof and backpay claims under title VII: clear and convincing evidence or preponderance of evidence. In *Day v. Mathews, supra,* the clear and convincing standard was adopted by the District of Columbia Circuit. This standard has also been applied in

---

[3]When loss of liberty is involved, we have equated clear, cogent and convincing evidence with beyond a reasonable doubt. *See In re Levias,* 83 Wn.2d 253, 256 & n.1, 517 P.2d 588 (1973).

the Fifth and Second Circuits. *See Baxter v. Savannah Sugar Ref. Corp.*, 495 F.2d 437 (5th Cir. 1974); *Gillin v. Federal Paper Bd. Co.*, 479 F.2d 97 (2d Cir. 1973) ("heavier" burden). Other circuits have adopted a "preponderance of the evidence" standard. *See, e.g., Richerson v. Jones, supra; United Transp. Local 974 v. Norfolk & W. Ry., supra.*

Department relies heavily upon a WSHRC regulation, adopted after the trial court's decision in this case, as supportive of the preponderance burden:

Burden of Proof of Noninjury from Unfair Practice. When a showing has been made that a respondent has committed an unfair practice with respect to a person, but the respondent contends that nevertheless the person did not lose pay or other benefits because the person would not have been hired, granted credit, etc., for reasons other than the unfair practice, the burden is on the respondent to prove that the person would not have received the pay, credit, etc., for the other reasons.

WAC 162-08-298(7). We do not read this rule as supporting Department's position. The rule allocates the burden of proof; it does not purport to fix the quantum of proof necessary to sustain that burden.

We adopt the clear and convincing standard as the burden of proof to be carried if an employer is to avoid a backpay award. Once discrimination has been established, such a standard seems more likely to effectuate the purposes of RCW 49.60. We agree with the Court of Appeals that after discrimination has been found, any doubts concerning backpay should be resolved against the employer.

The trial court had no doubt in this case, and in finding of fact No. 26 found that Department had carried its burden of establishing by clear and convincing evidence, *i.e.,* that it was highly probable that Davis would not have been selected for promotion even absent discrimination. While the Court of Appeals disagreed with the trial court and concluded that "on balance" Davis was better qualified than Palmer, as we have indicated, it is not the function of an appellate court to second-guess the trial court by

reweighing evidence. This is especially so when unchallenged findings of fact are the basis for the review. Here, all findings of fact are unchallenged except No. 26. We hold that the Court of Appeals erred when it reevaluated the evidence to obtain a basis for concluding that Davis was better qualified than Palmer.

In unchallenged finding of fact No. 25, the trial court found:

> Although Wayne E. Palmer's qualifications are not superior to the qualifications of plaintiff, Palmer's qualifications, plus his longer work experience for the state, justified the decision to promote him to the position.

If Palmer's qualifications justified Department in promoting him for the reason stated, Davis would not have been selected had she been male, *i.e.*, absent discrimination because of sex. From the court's findings of fact may be gleaned that, in addition to his 3 years of experience working as an accountant with the Department of Social and Health Services and the Department of Employment Security, Palmer had 75 quarter hours of business courses and 65 quarter hours of accounting as educational background. Such educational training was regarded as the equivalent of work experience of equal time. Further, Palmer had 2 years' service in the United States Navy. Experience in accounting, the military, and law enforcement, fields in which women are less likely to be employed, were strongly emphasized by the appointing authority as desirable background experience for the position here concerned.

A highly qualified personnel analyst from the state personnel department testified at length concerning the position of Revenue Compliance Officer II in general, and the qualifications of Davis and Palmer in particular. The testimony of the personnel analyst alone provided sufficient evidence from which the trial court could conclude that Palmer would have been selected over Davis even absent discrimination. Such evidence meets the clear and convincing test.

We reverse the Court of Appeals and affirm the trial court. We remand for assessment of attorney's fee for the services of Davis' attorney in the Court of Appeals and in this court.

UTTER, C.J., STAFFORD, WRIGHT, BRACHTENBACH, HORO-WITZ, and DOLLIVER, JJ., concur.

ROSELLINI and WILLIAMS, JJ., concur in the result.

Reconsideration denied October 8, 1980.