

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL CONTI, | No. 14-35674 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00245-RAJ |
| v. | |
| CORPORATE SERVICES GROUP INC., doing business as Channel Services Group, Inc. doing business as CSG Openline; JAY LEON, and his marital community, | MEMORANDUM* |
| Defendants-Appellees. | |
| MICHAEL CONTI, | No. 14-35711 |
| Plaintiff-Appellee, | D.C. No. 2:12-cv-00245-RAJ |
| v. | |
| CORPORATE SERVICES GROUP INC., doing business as Channel Services Group, Inc. doing business as CSG Openline; JAY LEON, and his marital community, | |
| Defendants-Appellants. | |

Appeal from the United States District Court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted April 4, 2017
Seattle, Washington

Before: KOZINSKI and W. FLETCHER, Circuit Judges, and TUNHEIM,** Chief District Judge.

1. Plaintiff appeals the district court's denial of his Rule 60(b) motion to modify the jury verdict to make Leon jointly and severally liable for the entirety of the awarded compensatory damages. The district court did not abuse its discretion in denying Plaintiff's motion. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988). The district court reasonably concluded that Plaintiff's claimed injuries of lost wages and emotional damages were not "indivisible" and thus Wash. Code Rev. 4.22.030, assigning joint and several liability, did not apply.

2. On de novo review, we affirm the district court's denial of Defendants' Rule 50(a) motion for judgment as a matter of law. *See Lakeside-Scott v. Multnomah County*, 556 F.3d 797, 802 (9th Cir. 2009). The jury did not need to rely on speculation to conclude that Defendants took adverse employment actions against Plaintiff on the basis of his national origin. *Id*. at 803. Plaintiff produced evidence tending to show Defendants' "proffered justifications ha[d] no basis in

---

** The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

2

fact, [were] unreasonable grounds upon which to base [the adverse employment actions], or were not motivating factors in employment decisions for other similarly-situated employees." *Griffith v. Schnitzer Steel Indus.*, 115 P.3d 1065, 1070 (Wash. Ct. App. 2005). Plaintiff also carried his burden of production to show defendant Leon was aware of Plaintiff's national origin through Leon's own testimony.

3. We also affirm the district court's conclusion that Defendants were not entitled to judgment as a matter of law as to their "same-decision defense" under Washington's Law Against Discrimination. The jury found that Defendants would have taken the same adverse employment actions in the absence of discriminatory motives under the "preponderance of the evidence" standard appropriate for federal law. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003). However, the jury was never asked whether Defendants had carried their burden to show the same affirmative defense under state law, which is "clear and convincing evidence." *Davis v. Dep't of Labor & Indus.*, 615 P.2d 1279, 1284 (Wash. 1980) (en banc). Defendants argue that *Davis* is no longer controlling as to the burden of proof required in "same-decision" defenses, but they fail to offer any Washington case law purporting to overrule *Davis*.

4.  The district court did not abuse its discretion in awarding attorneys' fees and costs.  *See Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1021 (9th Cir. 2009).[1]

**AFFIRMED.**

---

[1] Appellant's motion to take judicial notice [Dkt. 60] of pleadings filed in King County Superior Court for the State of Washington and United States Bankruptcy Court in Washington is **DENIED**.