# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MELISSA ANDERSON,<br><br>     Respondent,<br><br>  v.<br><br>ERIC ANDERSON,<br><br>     Appellant. | DIVISION ONE<br><br>No. 78326-2-I<br><br>UNPUBLISHED OPINION<br><br>FILED: June 24, 2019 |

DWYER, J. — Eric Anderson appeals from a trial court ruling renewing an order for protection. Eric[1] contends that the trial court erred by finding that he did not prove by a preponderance of the evidence that he will not resume acts of domestic violence when the protection order expires. He also asserts that the trial court abused its discretion by considering hearsay and unauthenticated evidence in reaching its decision. Finding no error, we affirm.

I

Eric and Melissa Anderson are estranged siblings. Eric is a California resident. Melissa lives in Washington with their elderly mother, over whom she shares power of attorney with her other brother, Mark.

On March 1, 2017, Melissa petitioned the King County Superior Court for a temporary order of protection against Eric. Melissa's reasons for requesting an

---

[1] Since the parties, Eric and Melissa, share the same last name, we use their first names in the interest of clarity.

order of protection were death threats that Eric had made against her through their mother and brother, along with her knowledge that Eric possessed a collection of firearms, and her belief that Eric was emotionally unstable. After a hearing on March 15, 2017, the court granted a one-year protection order. Over the following year, Eric and Melissa had some indirect contact though various family members.

On March 7, 2018, Melissa filed a petition for the renewal of the protection order based on a threat by Eric to visit her residence after the year-long protection order lapsed. A hearing to determine the outcome of Melissa's request was held on March 21, 2018. At the renewal hearing, a commissioner heard testimony from both parties and reviewed evidence including transcriptions of voice mails left by Eric on Melissa's telephone and a signed letter from the parties' younger brother, Mark.

The trial court found that Eric did not prove by a preponderance of the evidence that there would not be future acts of domestic violence were the order to lapse. The court granted Melissa's petition to renew the protection order and extended it for two additional years. Eric appeals from this order.

II

Eric asserts that the trial court erred by granting Melissa's request to extend the protection order. To support this, he first avers that he proved by a preponderance of the evidence that he will not resume any acts of domestic violence when the order expires. We disagree.

When a petitioner applies for the renewal of a protection order,

[t]he court shall grant the petition for renewal unless the respondent proves by a preponderance of the evidence that the respondent will not resume acts of domestic violence against the petitioner or the petitioner's children or family or household members when the order expires. The court may renew the protection order for another fixed time period or may enter a permanent order as provided in this section.

RCW 26.50.060(3). Whether to grant, modify, or terminate a protection order is a matter of judicial discretion. In re Marriage of Freeman, 169 Wn.2d 664, 671, 239 P.3d 557 (2010). When the decision of the trial court is a matter of judicial discretion, we review it for clear abuse of that discretion, "'that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" In re Parentage of T.W.J., 193 Wn. App. 1, 6, 367 P.3d 607 (2016) (quoting State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

Eric avers that he proved by a preponderance of the evidence that he would not carry out any acts of domestic violence because 7 of the 11 factors set forth in the Supreme Court's opinion in Freeman, 169 Wn.2d at 673, weigh in his favor. The Freeman factors are an analytical framework adopted from a New Jersey decision. Our Supreme Court referenced the 11 factors to guide decisions on motions for termination of permanent protection orders. Eric's argument fails because it incorrectly interprets Freeman as establishing a factor-counting doctrinal test that is dispositive in deciding whether a restrained party has met its burden of proof. No such test exists.

The Freeman factors are:

(1) whether the victim has consented to lift the order; (2) the victim's fear of the restrained party; (3) present nature of the relationship between parties; (4) whether the restrained party has any contempt convictions for violating the order; (5) the restrained

- 3 -

party's alcohol and drug involvement, if any; (6) other violent acts on the part of the restrained party; (7) whether the restrained party has engaged in domestic violence counseling; (8) age and health of the restrained party; (9) whether the victim is acting in good faith to oppose the motion; (10) whether other jurisdictions have entered any protection orders against the restrained party; and (11) other factors deemed relevant by the court.

Freeman, 169 Wn.2d at 673 (footnote omitted) (citing Carfagno v. Carfagno, 288 N.J.Super. 424, 435, 672 A.2d 751 (1995)).

Eric contends that he met his burden of proof because 7 of the 11 factors are in his favor: he has not been charged with a protection order violation; there is no evidence that he abuses drugs or alcohol; there is no evidence that he has engaged in violent acts; there is no evidence that the court ordered or compelled him to undergo domestic violence counseling; he is physically healthy and mentally competent; no other jurisdictions have entered protection orders against him; and the court considered the geographical distance between Eric and Melissa as a relevant factor diminishing the likelihood that Eric would commit acts of domestic violence against Melissa. In contrast, he contends that Melissa only has four of the Freeman factors in her favor: she has not consented to lifting the protection order; she maintains that she is afraid of Eric; the parties lack a relationship; and she asserts her actions are in good faith. Eric concludes that the positive balance of the Freeman factors in his favor proves, by a preponderance of the evidence, that he will not commit future acts of domestic violence absent the protection order.

Eric's reliance on Freeman is unpersuasive. In Freeman, our Supreme Court referenced the factors as constituting "a sensible framework for analyzing

whether the preponderance of the evidence suggests a restrained party will commit a future act of domestic violence." 169 Wn.2d at 673. The court's language indicates that the factors in Freeman are tools to guide courts in assessing the likelihood of restricted parties committing future acts of domestic violence. 169 Wn.2d at 673. Indeed, in Freeman, the balance of the factors was not the dispositive element in the outcome of the case. See 169 Wn.2d at 675-76 (holding that it was more likely than not that the restricted party would refrain from future acts of domestic violence based on his testimony, deeds, relocation, career ambition, and compliance with a protection order for 10 years).

Additional language in Freeman further implies that a proper Freeman analysis is not a mechanical factor-adding test, but, rather, a guiding framework subject to judicial discretion. Indeed, factor 11 grants the court leeway to consider "other factors deemed relevant by the court." Freeman, 169 Wn.2d at 673. This, in essence, renders infinite the number of factors that can be properly considered.

Eric also asserts that Melissa's evidence supporting renewal was insufficient. In a protection order proceeding, a petitioner need only show threatened abuse plus a present fear of the abuser. Barber v. Barber, 136 Wn. App. 512, 515, 150 P.3d 124 (2007) (citing Spence v. Kaminski, 103 Wn. App. 325, 332-33, 12 P.3d 1030 (2000)). Eric avers that Melissa's assertions of her fear were unfounded because she failed to establish any instance where Eric committed or was likely to commit an act of domestic violence; she did not provide the court sufficient facts to justify her fear of Eric as reasonable, and Eric

disputed the underlying facts of the alleged domestic violence at the hearing. Eric is, again, incorrect.

As stated above, a trial court decision to grant a protection order is reviewed for abuse of discretion. T.W.J., 193 Wn. App. at 6. Here, the trial court's decision to renew the order was not "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" T.W.J., 193 Wn. App. at 6 (quoting Junker, 79 Wn.2d at 26). The trial court had tenable grounds to find that Eric did not prove that he would not engage in future acts of domestic violence, absent a protection order, based on the testimony and evidence presented at the protection order renewal hearing. Eric made death threats against Melissa through other family members and owns a cache of deadly weapons. Evidence presented at the hearing supported Melissa's assertion that Eric had an unstable temperament. The record shows continuous indirect contact and hostility between the parties.

We defer to the trier of fact on the persuasiveness of the evidence and the credibility of the witnesses and conflicting testimony. State v. Ainslie, 103 Wn. App. 1, 6, 11 P.3d 318 (2000). Viewing the evidence in the light most favorable to Melissa, as we must view it in deciding a sufficiency challenge, Structurals Nw., Inc. v. Fifth & Park Place, Inc., 33 Wn. App. 710, 716, 658 P.2d 679 (1983), the court did not err. Here, based on the record, we cannot say that the trial court abused its discretion in granting renewal of the protection order.

Eric's argument that he has proved his burden as a matter of law because he does not wish to have further contact or a relationship with Melissa fails

because it is based on his own assertions. The trial court was not required to believe or credit his testimony. Fisher Props., Inc. v. Arden-Mayfair, Inc., 115 Wn.2d 364, 369-70, 798 P.2d 799 (1990) (citing Davis v. Dep't of Labor & Indus., 94 Wn.2d 119, 124, 615 P.2d 1279 (1980)).

The trial court credibly found that Eric did not prove by a preponderance of the evidence that he would not engage in future acts of domestic violence absent a protection order. Thus, the trial court did not abuse its discretion by renewing the protection order.

### III

Eric next contends that the trial court erred by admitting Mark's letter as evidence at the hearing. This is so, he avers, because the rules of evidence should have barred its admission as the letter constituted inadmissible hearsay under ER 802 and its authorship was not properly authenticated, violating ER 901. This argument is without merit.

The rules of evidence do not apply in protection order proceedings. ER 1101(c)(4); Hecker v. Cortinas, 110 Wn. App. 865, 870, 43 P.3d 50 (2002). We review a trial court's decision to admit evidence for abuse of judicial discretion. State v. Darden, 145 Wn.2d 612, 619, 41 P.3d 1189 (2002). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds. Darden, 145 Wn.2d at 619.

Eric asserts that Mark's letter is inadmissible hearsay evidence pursuant to ER 802. He argues that the trial court improperly relied on this evidence when it considered the letter, which contained an out-of-court statement, to prove the

truth of Mark's assertions. This argument fails because the rules of evidence need not be applied in protection order hearings. ER 1101(c)(4).

ER 1101 discusses the applicability of the evidence rules in various proceedings, including those involving protection orders:

> **(c)** ... The rules (other than with respect to privileges . . .) need not be applied in the following situations:
>
> . . . .
>
> (4) *Applications for Protection Orders.* Protection order proceedings under Chapters 7.90, 7.92, 7.94, 10.14, 26.50 and 74.34 RCW. Provided when a judge proposes to consider information from a criminal or civil database, the judge shall disclose the information to each party present at the hearing; on timely request, provide each party with an opportunity to be heard; and, take appropriate measures to alleviate litigants' safety concerns. The judge has discretion not to disclose information that he or she does not propose to consider.

ER 1101(c)(4).

"ER 1101(c)(4) allows courts to consider hearsay in . . . protection order proceeding[s]." Gourley v. Gourley, 158 Wn.2d 460, 466, 145 P.3d 1185 (2006); accord Blackmon v. Blackmon, 155 Wn. App. 715, 722, 230 P.3d 233 (2010) ("[C]ompetent evidence sufficient to support the trial court's decision to grant or deny a petition for a domestic violence protection order may contain hearsay or be wholly documentary."). In Gourley, the Supreme Court held that the commissioner did not err when he considered hearsay evidence at a protection order proceeding. 158 Wn. 2d at 467.

The trial court properly exercised its discretion in determining that the statements in the letter were likely those of Mark and that their truth was helpful to a resolution of the dispute. Given that hearsay evidence is not barred in such proceedings, this was a proper exercise of discretion by the trial court.

Eric also contends that the trial court improperly relied on inadmissible evidence when it considered Mark's letter because its authorship was not properly authenticated, violating ER 901.

As discussed herein, the rules of evidence do not apply in protection order proceedings. Gourley, 158 Wn.2d at 467. Instead, a trial court's admission of evidence is reviewed for abuse of discretion. Darden, 145 Wn.2d at 619. Here, the trial court's decision to admit the letter was not "'manifestly unreasonable or based upon untenable grounds or reasons.'" Darden, 145 Wn.2d at 619 (quoting State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995)). The trial court could credibly find that the letter was likely authored by Mark, given that Mark's signature was on the letter, and that it was presented to the trial court by his sister (who would be both familiar with Mark and his handwriting). Furthermore, there is nothing in the record and nothing in Eric's brief to suggest that Mark is not, in fact, the author of the letter, other than an unsupported denial of this fact made by Eric at the hearing. We therefore reject Eric's contention that the trial court erred by admitting the letter.

Affirmed.

We concur:

_____

_____                    _____