IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RACOON HILL, LLC, dba DOC'S RIVERSIDE TAP HOUSE, | No. 84622-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| WASHINGTON STATE LIQUOR AND CANNABIS BOARD, | |
| Respondent. | |

CHUNG, J. — During the COVID-19 pandemic, the Washington State Liquor and Cannabis Board (LCB) cited Racoon Hill, LLC, doing business as Doc's Riverside Tap House (Doc's), for violating the Governor's Proclamations relating to COVID-19. Doc's did not pay the $500 fine or timely appeal the citation, so its liquor license was suspended for five days. While its license was suspended, Doc's continued to sell alcohol, leading to a second citation for selling alcohol with a suspended license, which Doc's appealed. An administrative law judge (ALJ) granted the LCB's summary judgment motion to suspend Doc's license for fifteen days. The full LCB Board (Board) affirmed the ALJ's order, and upon judicial review, a Snohomish County Superior Court judge affirmed the Board's decision. Doc's then filed this appeal. Finding no error, we affirm.

FACTS

On January 15, 2021, during the COVID-19 pandemic, LCB enforcement officer Matthew Stevenson observed Doc's staff, Brad and Ken Sekulich, not wearing face masks while interacting with patrons.[1] The officer discussed with Brad and Ken the State's requirements for indoor dining and the need for all staff to wear face masks. On January 27, the officer again observed the same staff serving patrons while not wearing face masks.

On February 16, Stevenson called James Sekulich to discuss Doc's ongoing violations of COVID-19 proclamations. James provided Brad's phone number, and Stevenson arranged a meeting with Brad the following day to issue Doc's a citation. On February 17, Stevenson delivered an LCB Administrative Violation Notice (citation or AVN) to Doc's.[2]

The citation stated it was "for violations against the Governor's Proclamation 20-25.8[3] and Proclamation 20-25.12,[4] 'Healthy Washington - Roadmap to Recovery.' " It cited Washington Administrative Code (WAC) 314-11-015(3)(c) and alleged Doc's was "engaging [in] or allowing behavior that provokes conduct which presents a threat to public safety." The citation imposed

---

[1] James Sekulich is the managing member of Racoon Hill, LLC. His sons, Brad and Ken Sekulich, are also members. Brad and Ken manage Doc's' day-to-day operations. Because James, Brad, and Ken share a last name, we use their first names to distinguish them. As used herein, "Doc's" refers to one or more of these three members of Racoon Hill, LLC, which holds the liquor license and received the citations at issue.

[2] The citation is dated February 3 and cites conduct that occurred on January 15, but the LCB served it and Doc's signed it on February 17.

[3] Proclamation of Governor Jay Inslee, No. 20-25.8 (Wash. Nov. 15, 2020). https://governor.wa.gov/sites/default/files/proclamations/proc_20-25.8.pdf.

[4] Proclamation of Governor Jay Inslee, No. 20-25.12 (Wash. Jan. 11, 2021). https://governor.wa.gov/sites/default/files/proclamations/proc_20-25.12.pdf.

a penalty of either a five-day suspension beginning March 31, 2021, at 10:00 a.m. or a $500 fine in lieu of the suspension.

At the top of the second page, under the title "IMPORTANT NOTICE REGARDING YOUR HEARING RIGHTS," the citation states "If your payment or hearing request is not postmarked within 20 calendar days of the date of service, the original recommended suspension penalty will go into effect."[5] Then, in bold, highlighted, and outlined with a box, the citation states: "All payments, settlement conference and hearing requests received by the WSLCB must be postmarked within 20 calendar days of the date of service."

The citation lists four ways to respond to an LCB citation, with a check box next to each option: pay the monetary penalty, accept the license suspension, request a settlement conference, or request an administrative hearing. Stevenson spent approximately 40 minutes explaining the citation and related documents, gave Doc's his contact information, and told it to contact him if they had any questions. However, Doc's did not take any of the four actions listed on the citation.

On March 25, Stevenson left Doc's a voicemail informing it that it had missed the deadline to submit a hearing request for the citation and that it would need to contact the LCB to resolve the citation. On March 29, Stevenson left

---

[5] The text of WAC 314-11-015, a table of Group 1 violations against public safety, a WSCLB Narrative/Evidence Report, and a publication entitled "Understanding your Hearing Options for Administrative Violations" were attached to the citation. Within the table of Group 1 violations sent with the citation, the text, "Criminal conduct: Permitting or engaging in criminal conduct WAC 314-11-015," was highlighted.

another voicemail reminding Doc's to contact the LCB to make arrangements to pay the $500 fine and warning it that if Doc's did not resolve the citation, Doc's' liquor license would be suspended for five days.

Instead, Doc's sent the LCB a set of documents bearing a stamp that stated "Received Enforcement Division" and the date March 30, 2021. The first letter in the set, dated March 22, is entitled "COURTESY NOTICE" and states:

> Based on your lack of response to my letter and notice dated Monday, March 8, 2021, as a courtesy I am giving you three (3) additional days to respond as per the copy of the original letter which is attached for your convenience.
>
> I am seeking a remedy with a peaceful resolution. If I do not receive a response, you will be deemed in default without just cause to proceed.
>
> Thank you for your consideration and prompt attention to this matter.

The second letter, referenced by the first, is dated March 8, 2021, and demands "proof of authority or [the LCB's Director] will be deemed in default without just cause to proceed,"[6] and it enclosed another document entitled "Notice of Violations" directed to the LCB's Director. The Notice of Violations begins:

> Notice to you of your violation of my constitutionally protected rights or ANY OTHER RIGHTS I may have.
>
> Violations of *DUE PROCESS OF LAW* as is required by STATUTES or the Constitution of united [sic] States of America or any State Constitution. You are FOLLOWING/CONSPIRING *ORDERS/MANDATES* of officials who DO NOT HAVE THE AUTHORITY TO ISSUE.

---

[6] The record contains two copies of the same attached letter, one addressed to the LCB's Director and another addressed to Officer Stevenson.

THEREFORE, you are PARTICIPATING IN A CONSPIRACY as set forth in local and federal statutes.

You will be held PERSONALLY RESPONSIBLE for your actions under the RACKETEERING/RICO STATUTES as set forth in this Notice.

IN ADDITION:

You also are required to PROVIDE ME with the CRIMINAL LAW and/or CIVIL STATUTE PASSED by the LEGISLATURE and VOTED into the LAWS/STATUTES BY THE PEOPLE.

The STATUTE, ACT, MANDATE and DEMAND, SIGNED INTO LAW that applies to me PERSONALLY.

The same day that LCB received this set of documents, March 30, Stevenson spoke with Doc's twice, once with James and once with Brad, about the impending license suspension. No settlement was reached.

On March 31, LCB officers attempted to post a public notice of a suspended liquor license at Doc's. Upon their arrival, they encountered six to eight people there who were recording their actions, effectively blocking Stevenson's path, and creating a circumstance he thought could turn hostile. When Stevenson attempted to go around a parked vehicle, at least two other people were standing between him and the business. Concerned for his safety, Stevenson did not post any suspension signs, and he and the other officers left.

The next day, on April 1, an LCB officer purchased a growler of beer filled from the tap at Doc's. Based on this sale, the LCB issued a second citation to Doc's for selling alcohol while its license was suspended. The citation cited WAC 314-29-040, and it was served on Doc's via certified mail on April 8. The citation

imposed a 15-day suspension beginning May 19, with no option to pay a fine in lieu of suspension.

Doc's checked the settlement conference box option on the second citation, and James signed and dated it April 25, within the prescribed 20 days to contest it. Following a prehearing conference, adjudication was scheduled for November 2021. Doc's and the LCB filed cross-motions for summary judgment.

The ALJ denied Doc's' motion and granted LCB's. In its order, the ALJ noted that both parties asserted there were no material facts in dispute. The parties agreed that the LCB did not post a suspended sign at Doc's and that this undisputed fact was not material to Doc's notice of its suspension because "Doc's knew its liquor license would be suspended on March 31, 2021, at 10:00 AM unless it timely appealed the predicate AVN or timely paid the alternative fine." The ALJ concluded that Doc's knew its license was suspended "because that was why it gathered supporters to appear at that time – to oppose suspension." The ALJ also concluded that "I do not have the authority to expand [Doc's] appeal to other AVNs, no matter how interrelated they may be." The ALJ's written order affirmed the LCB's second citation and suspended Doc's liquor license for fifteen days. The full Board affirmed and adopted the ALJ's facts, conclusions, and initial order in January 2022, and it denied reconsideration.

Doc's timely sought judicial review under the Administrative Procedure Act (APA) in February 2022. A Snohomish County Superior Court judge heard Doc's'

6

appeal in September 2022. The superior court allowed Doc's to supplement the administrative record with a video, Exhibit 31, of the scene at Doc's on March 31 when the LCB attempted to post public notice of Doc's suspended license. The court found that the facts as found by the ALJ below were not challenged. It concluded no legal error occurred, and the LCB did not act unconstitutionally or outside of its authority. The court affirmed the Board's decision, and Doc's timely appealed.

DISCUSSION

Doc's appeals the superior court's decision affirming the Board's final order denying Doc's' motion for summary judgment, granting the LCB's motion for summary judgment, and suspending Doc's' liquor license for fifteen days. Doc's alleges the ALJ erred in four ways: by granting the LCB "the power to force the practice of medicine" on it; by granting the LCB "the power to regulate the practice of medicine" as a condition of continuing to hold a license; by finding that the LCB "can force a [licensee] to violate state law[,] which grants the right of conscientious objection to specific health services"; and by denying it, a licensee "accused of criminal conduct, the Constitutional right to a jury trial."

Each of the errors Doc's assigns pertains to the LCB's *first* citation for violating the Governor's COVID-19 Proclamations, a violation of WAC 314-11-015(3)(c), not its *second* citation for selling alcohol while its license was suspended, a violation of WAC 314-29-040. Thus, a threshold issue

7

is whether the errors assigned relating to Doc's *first* citation are properly before this court.

I.      <u>Challenges to first citation</u>

Doc's argues that its first citation cannot serve as predicate for its second citation because of the errors it assigns. The LCB argues that Doc's waived its challenges to the first citation. We agree with the LCB.

Under the APA, judicial review of agency adjudication is confined to the issues and facts in the agency record. RCW 34.05.554; RCW 34.05.558. A reviewing court "sits in the same position as the superior court, applying the standards of the WAPA [Washington Administrative Procedure Act] directly to the record before the agency." <u>Tapper v. Emp't Sec. Dep't</u>, 122 Wn.2d 397, 402, 858 P.2d 494 (1993).

A liquor licensee "has twenty days from receipt" of a citation to accept the citation's recommended penalty, request a settlement conference, or request an administrative hearing. WAC 314-29-010(1). A licensee's response "must be submitted on a form provided by the agency." WAC 314-29-010(1). "If a licensee . . . does not respond to the [citation] within twenty days, the recommended suspension penalty will go into effect." WAC 314-29-010(2)(a).

Here, the LCB cited Doc's on February 17, 2021. Twenty days after that date is March 9, 2021. Doc's did not pay the first citation's $500 fine in lieu of suspension or request an administrative hearing before March 9 or

at any point in time. Doc's did engage in telephone conversations with the LCB on March 30, the day before the suspension for the first citation began. But even if those conversations could be regarded as an unwritten request for a settlement conference, they did not begin until after March 9.

The LCB received a letter from Doc's on March 30 that attached another letter bearing the date March 8. However, the record contains no postmark showing when Doc's sent the letter dated March 8. The record shows only that the LCB received the letter on March 30. And the March 8 letter does not request a settlement conference or an administrative hearing. Moreover, Doc's admitted it "rejected the need . . . for a settlement" regarding the LCB's first citation because it "was working under the premises instilled in a 'constitutional law' group seminar, which informed [it] that [its owner] had sovereign rights, wherein [the owner] need not comply with rules adopted by a state agency."

We therefore agree with the LCB that Doc's waived its challenge to the LCB's first citation, #3E1015A. That citation for violation of WAC 314-11-015(3)(c) was not before the ALJ.

II.     <u>LCB's final order affirming Doc's' second citation</u>

Doc's opening brief makes no arguments challenging the LCB's second citation for selling alcohol while its license was suspended. Rather, it assigns error only to the LCB's first citation for violating the Governor's COVID-19 proclamations. Not until its reply brief does Doc's argue that the

9

ALJ should not have granted summary judgment on the second citation. We conclude that the ALJ properly granted summary judgment dismissing Doc's claims and that the Board properly entered its final order.

"The burden of demonstrating the invalidity of agency action [under the APA] is on the party asserting invalidity." RCW 34.05.570(1)(a); Edelman v. State, 160 Wn. App. 294, 303, 248 P.3d 581 (2011) (citations omitted). "Under the APA, [a reviewing court] grant[s] relief from an agency's order arising from an adjudicative proceeding only if [the reviewing court] determine[s] that one or more of the statutory bases for relief enumerated in RCW 34.05.570(3) are established." Id. at 303-04; RCW 34.05.570(3)(a)-(i).

A reviewing court reviews errors of law de novo and "may 'essentially substitute its judgment for that of the administrative body, though substantial weight is accorded the agency's view of the law.' " Nat'l Fed'n of Retired Persons v. Ins. Comm'r, 120 Wn.2d 101, 119, 838 P.2d 680 (1992) (quoting Franklin County Sheriff's Office v. Sellers, 97 Wn.2d 317, 325, 646 P.2d 113 (1982)). A reviewing court will not, however, substitute its view of the facts for that of the agency's record. Nat'l Fed'n of Retired Persons, 120 Wn.2d at 119 (issues of fact reviewed under the "clearly erroneous" standard); Davis v. Dep't of Labor & Indus., 94 Wn.2d 119, 123, 615 P.2d 1279 (1980) ("As a corollary to this rule, we note that unchallenged findings of fact become verities on appeal.").

Under the APA, a motion for summary judgment may be granted and an order issued if the written record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. WAC 10-08-135; see Verizon Nw., Inc. v. Emp't Sec. Dep't, 164 Wn.2d 909, 916, 194 P.3d 255 (2008). A "material fact" is one upon which the outcome of the litigation depends. Jacobsen v. State, 89 Wn.2d 104, 108, 569 P.2d 1152 (1977).

Here, the only errors of law Doc's identifies pertain to the LCB's first citation for violating WAC 314-11-015(3)(c). Thus, Doc's' claims that this regulation requires it to practice medicine or conditions its license on the practice of medicine were not before the ALJ or the Board, and are, therefore, also not before this court. See Tapper, 122 Wn.2d at 402 (reviewing court applies the WAPA "to the record before the agency."). Moreover, the LCB's enforcement of WAC 314-11-015(3)(c) is clearly within the authority granted to the LCB by the legislature because "[t]his entire title [title 66 RCW – Alcoholic Beverage Control] shall be deemed an exercise in the police power of the state, for the protection of the welfare, health, peace, morals, and safety of the people of the state, and all its provisions shall be liberally construed for the accomplishment of that purpose." RCW 66.08.010. As to Doc's argument that it was denied a jury trial in a criminal proceeding, the LCB's adjudication of a liquor license citation is a proceeding under the APA, chapter 34.05 RCW, not a criminal

proceeding under title 10 RCW. <u>Jow Sin Quan v. Wash. State Liquor Control Bd.</u>, 69 Wn.2d 373, 382, 418 P.2d 424 (1966) ("Board action, directed toward the suspension or cancellation of a retail liquor license is not a criminal proceeding."). Finally, the Basic Health Plan's right of conscientious objection pertains to "health care provider[s]," not holders of liquor licenses. RCW 70.47.160(2)(a).

As for factual issues, in a single sentence, Doc's suggests for the first time in its reply brief that the ALJ granted the LCB summary judgment despite genuine issues of material fact, without any further argument regarding any factual dispute. This court does not address matters raised for the first time in reply briefs. RAP 10.3(c); <u>Cowiche Canyon Conservancy v. Bosley</u>, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Regardless, Doc's did not assign error to the ALJ's conclusion of law 5.8 that "[b]oth parties asserted there are no material facts in dispute." Thus, reviewed de novo, no genuine issues of material fact were before the ALJ or the Board.[7]

As to Doc's' contention that "the LCB lacked jurisdiction (statutory authority) to bring and/or enforce Predicate AVN #1 and AVN #2," as

---

[7] Doc's suggests there are disputed issues of fact regarding whether its suspension was "legally commenced on March 31, 2021[,] such that the undercover sting operation the next day (April 1, 2021) was lawful," and whether the crowd was "hostile," for which reason it asked the trial court to admit Exhibit 31. But Doc's assigns no error to any of the ALJ's findings of fact regarding either of these purported issues. Those findings are thus verities on appeal. <u>Davis</u>, 94 Wn.2d at 123. And Doc's suggestion that there is an issue as to "whether Doc's violated the COVID-19 mandates regarding masks and social distancing," relates to the LCB's first citation, which, as discussed above, was not timely challenged.

discussed above, Doc's waived any challenge to its first citation. And Doc's assigned no error to the ALJ's conclusion that it had jurisdiction to decide the second citation.[8]

We therefore affirm the Board's final order granting summary judgment in the LCB's favor because there is no genuine dispute as to any material fact. The LCB properly determined that Doc's sold alcohol while its license was suspended, in violation of WAC 314-29-040.

Affirmed.

_Cheung, J._

WE CONCUR:

_Birk, J._          _Smith, C.J._

---

[8] In support of its conclusion that it had jurisdiction, the ALJ cited WAC 314-29-010(1)(c) (LCB administrative violations), WAC 10-08-135 (Office of Administrative Hearings summary judgment procedure), RCW 34.12.040 (Office of Administrative Hearings), ch. 34.05 RCW (APA), ch. 314-42 WAC (Liquor Control Board Operations), and ch. 10-08 WAC (Office of Administrative Hearings rules of procedure). The LCB has statutory authority to enforce the second citation for violating WAC 314-29-040 for the same reason it had authority to enforce the first citation for violating WAC 314-11-015(3)(c), _i.e._, pursuant to its broad powers granted by the legislature. See RCW 66.08.010.